■ SUSAN G. CRAMER, Respondent, v MARK W. KUHNS, Defendant, and HARLEY DAVIDSON MOTOR COMPANY, INC.,

Appellant. [597 NYS2d 184] —Mahoney, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 9, 1992 in Greene County, which, *inter alia,* partially denied a motion by defendant Harley Davidson Motor Company, Inc. for a protective order.

At issue in this products liability action is the adequacy of plaintiff's responses to certain interrogatories propounded by defendant Harley Davidson Motor Company, Inc. (hereinafter defendant) and the discoverability of certain documents requested by plaintiff in two discovery and inspection notices. Addressing first the interrogatories, defendant requested plaintiff to set forth "with particularity" the parts of the subject 1982 Harley Davidson motorcycle alleged to be defectively designed or manufactured and the claimed defects. In response, plaintiff identified the defective part as the motorcycle's kickstand and isolated the defect as the spring mechanism. According to plaintiff, the kickstand fell down while the motorcycle was in operation and did not retract upon impacting the ground with the result that it dragged along the highway causing the vehicle to go out of control. Plaintiff indicated that the springs were not suited for the intended purposes and further responded by stating that "[t]he defective nature of the spring was addressed by the defendant in a 1989 revision" and that "[t]he exact nature of the defect is included in the design drawings produced at the deposition of the defendant's witness John Hebrand". On the subject of design defects, plaintiff isolated the defect as the inability of the kickstand spring to prevent the stand from falling during operation and in not retracting upon impact with the ground. In our view, these responses adequately specify the parts of the motorcycle claimed to be defective and their particular defects so as to define the issues and to permit defendant to prepare a defense at trial *(see, e.g., Wiseman v American Motor Sales Corp.,* 101 AD2d 859, 860), especially where defendant raises no argument that the defect is not apparent from the design drawings referred to by plaintiff.

As regards the discovery notice, however, we agree that Supreme Court's imposition of a 15-year period (1972-1987) for defendant to produce documentation regarding design drawings, technical standards, customer complaints, safety memoranda and accident information regarding the kickstand is overbroad. While a reading of the record reveals that the "jiffy" model kickstand has been used in Harley Davidson motorcycles since 1957, it is clear that the particular model of

jiffy stand installed on the motorcycle at issue here was designed in 1979 and used from 1980 or 1982 to mid-1984. That being the case, there is little relevance to this lawsuit of requiring production of design and testing documentation for a period earlier than 1979 *(cf., Ruggles v White Metal Rolling & Stamping Corp.,* 86 AD2d 847; *Matos v City of New York,* 78 AD2d 834).* Similarly, there is nothing of relevance to be gained in requiring the production of documents requested in demand Nos. 6, 7, 14 and 15 (i.e., consumer or governmental complaints, inter and intra-office safety memoranda, accident records) for the kickstands other than this particular model *(see, supra).*

Weiss, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as ordered defendant Harley Davidson Motor Company, Inc. to provide the documents requested in demand No. 5 of plaintiff's March 20, 1991 discovery notice and demand Nos. 3, 6, 7, 14 and 15 in the September 25, 1991 notice for the period 1972 to 1987; the scope of demand No. 5 of the March 20, 1991 notice and demand No. 3 of the September 25, 1991 notice limited to the period 1979 to 1987 and the breadth of the documents requested in demand Nos. 6, 7, 14 and 15 of the September 25, 1991 notice likewise limited to this time period and also further limited to documents and information relative to the particular model of kickstand at issue here; and, as so modified, affirmed.