■ NYMARA DEDIVITIS, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent. [644 NYS2d 594] —Peters, J.

Plaintiff, a former employee of New York Telephone Company, worked as a customer service representative from 1990 through the summer of 1992 and, in connection therewith, used a keyboard manufactured, designed, sold and distributed by defendant. After being diagnosed with bilateral carpal tunnel syndrome, plaintiff commenced the instant action against defendant alleging theories in negligence and strict product liability.

In connection therewith, plaintiff served defendant with interrogatories and a notice for discovery, testing, inspection and the production of documents. Therein plaintiff sought, inter alia, workers' compensation claims filed by defendant's employees on or before January 1992 for repetitive motion injuries sustained from the use of the keyboard at issue or similar equipment and any OSHA 200 logs filed by defendant which

reported "upper limb musculoskeletal injuries such as bilateral carpal tunnel syndrome that [defendant's] operators have sustained on keyboard work stations".* Defendant objected to such demands, contending that the requests were not calculated to lead to the discovery of admissible evidence and that they were overly broad and burdensome. Plaintiff moved to compel defendant to respond to these requests and defendant cross-moved for an order of protection, limiting plaintiff's discovery to the period between 1989 through 1992 and to information relating to the injuries at issue. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff now appeals.

Working from the precept of full disclosure pursuant to the CPLR (*see*, CPLR 3101 [a]) and the liberal interpretation afforded to such statute, disclosure is typically required "of any facts [material and necessary which] bear[ ] on the controversy [and] which will assist [in the] preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Since the inadmissibility of such evidence is not a pretrial concern (*see*, *Jonmaire v Town of W. Seneca*, 120 AD2d 928; *Wiseman v American Motors Sales Corp.*, 103 AD2d 230; *Avila Fabrics v 152 W. 36th St. Corp.*, 22 AD2d 238), we find that plaintiff's request for disclosure of prior similar injuries is relevant. In product liability actions (*see*, *Matter of Eighth Judicial Dist. Asbestos Litig.*, 190 AD2d 1008; *Power v Crown Equip. Corp.*, 189 AD2d 310) as well as in negligence actions (*see*, *Hyde v County of Rensselaer*, 51 NY2d 927), the issue of notice is relevant.

So long as the scope of such discovery is pared back to the period from the date that the subject keyboard was manufactured through the date that plaintiff last used the keyboard (*see*, *Cramer v Kuhns*, 192 AD2d 893, 894-895; *Mestman v Ariens Co.*, 135 AD2d 516, 517), and is further limited to documents detailing the same or similar injuries alleged by plaintiff, to wit, injuries to the hands and wrists from sustained keyboard use such as carpal tunnel syndrome, they must be produced. Such reports or claims must further stem from injuries resulting from the use of the same model keyboard as that allegedly used by plaintiff since plaintiff failed to establish that other keyboard models are sufficiently similar to warrant inclusion (*see*, *Latuso v Black & Decker*, 198 AD2d 844; *Williamsville Cent. School Dist. v Cannon Partnership*, 162 AD2d

---

* An OSHA 200 log is a summary of occupational injuries an employer is required to record and report to the U.S. Department of Labor's Bureau of Labor Statistics.

965; *Mestman v Ariens Co., supra,* at 517; *Giordano v A&M Tool & Die Co.,* 104 AD2d 1027). In so holding, we note that defendant has failed to establish that the information sought by plaintiff is redundant or irrelevant (*see, Karolisyn-Morris v International Bus. Machs.,* 1994 WL 87529 [Sup Ct, NY County, Jan. 31, 1994, Crane, J.]).

Accordingly, we modify Supreme Court's order to permit (1) discovery of defendant's workers' compensation records and OSHA 200 logs from the year in which the model keyboard at issue was manufactured through 1992 and (2) discovery of defendant's workers' compensation records and OSHA 200 logs alleging the injuries claimed by plaintiff, to wit, to that of the hands and wrists from sustained keyboard use, such as carpal tunnel syndrome, attributable to the same model keyboard as that used by plaintiff, with all such records appropriately redacted to preserve all rights of privacy.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by partially granting plaintiff's motion and denying defendant's cross motion in accordance with this Court's decision.