■ WILLIAM WINIECKI et al., Respondents, v MELROE COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant and Third-Party Plaintiff. IRELAND-GANNON ASSOCIATES, INC., Third-Party Defendant-Respondent. [674 NYS2d 778] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendants third-party plaintiffs Melroe Company and Rolle Brothers Sales & Service, Inc., appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 28, 1997, which, *inter alia,* (1) granted the branches of the respective motions of the plaintiffs and the third-party defendant which were to compel the disclosure of complete accident files for all accidents reported on Bobcat Model Numbers 7753, 753, 953, and 553, and (2) in effect, denied their cross motion to compel the plaintiffs to produce materials obtained by the plaintiffs from the American Trial Lawyers Association which refer to the appellant Melroe Company.

Ordered that the order is modified by (1) deleting therefrom the provision granting the branches of the respective motions of the plaintiffs and the third-party defendant which were to compel the disclosure of complete accident files for all accidents reported on Bobcat Model Numbers 7753, 753, 953, and 553, and substituting therefor a provision granting those branches of the motions only to the extent of directing the disclosure of accident files relating to (a) accidents involving Bobcat Model Numbers 7753, 753, 953, and 553 from 1991 through 1994, and (b) claims similar in nature to the accident in this case from 1991 through 1994, and (2) deleting therefrom the provision which, in effect, denied the appellants' cross motion to compel the plaintiffs to produce materials obtained by the plaintiffs from the American Trial Lawyers Association which refer to the appellant Melroe Company, and substituting therefor a provision granting the cross motion to the extent that discovery of this material is permitted insofar as it constitutes statements of the parties; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff William Winiecki allegedly was injured while operating a Melroe Bobcat Model 7753 Skid Steer Loader in 1993 when he was "pinned and crushed against the cab by the lift arms" while attempting to exit the loader.

Since the record establishes that this model was equipped with "a vertical path lift arm" and this new feature was first introduced by the appellant Melroe Company (hereinafter

Melroe) in 1991, we find that the Supreme Court's direction to Melroe to produce "complete accident files for all accidents reported on Bobcat Model Numbers 7753, 753, 953 and 553" to be unduly broad, and we narrow its scope accordingly to exclude models which pre-date the vertical lift innovation, and to include only those accidents similar in nature to the accident in question here (*see, Ielovich v Taylor Mach. Works,* 128 AD2d 676; *D'Alessio v Nabisco, Inc.,* 123 AD2d 816). Discovery of such similar accidents occurring after the new feature was introduced in 1991 through 1994 is proper (*see, Brown v Daisy Mfg. Co.,* 129 AD2d 995; *cf., Kolody v Supermarkets Gen. Corp.,* 163 AD2d 276, 277).

In addition, information regarding a post-accident modification and notification is relevant on the issues of feasibility of alternatives and knowledge of possible defects (*see, Cover v Cohen,* 61 NY2d 261, 266-267, 270-271).

Finally, the subject documents the plaintiffs received from the American Trial Lawyers Association are properly discoverable to the extent that they represent statements by the defendants (*see,* CPLR 3101 [e]). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.