■ THEODORE ROZELL, Appellant, v CHICAGO PNEUMATIC TOOL COMPANY, INC., Respondent. [695 NYS2d 433] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 13, 1998 in Washington County, which, *inter alia*, limited the documents that defendant was required to produce in response to plaintiff's omnibus discovery demands.

While changing a bit and inspecting a pneumatic hammer manufactured by defendant, plaintiff was allegedly injured when the hammer accidentally discharged and propelled a steel cylinder into his face. Paragraph 13 of plaintiff's omnibus discovery demands seeks "[a] copy of any report or study made or received by the Defendant at any time relating to" the accidental operation of pneumatic hammers, the disassembly and inspection of pneumatic hammers while connected to an air

supply, and the presence or absence of various devices and warnings on pneumatic hammers. Based upon defendant's failure to comply with certain of the demands, including paragraph 13, plaintiff moved for relief pursuant to CPLR 3126. Supreme Court directed defendant to comply with certain of the demands, including paragraph 13 as it relates to pneumatic hammers manufactured by defendant. The court specifically directed that, in response to paragraph 13, defendant need not produce documents that relate to pneumatic hammers not manufactured by defendant. Plaintiff appeals, claiming that the court erred in imposing any limitation on the paragraph 13 demand.

Initially, we note that defendant's claim in its appellate brief that, because it has now discovered that it does not possess any of the documents requested in paragraph 13, this appeal is moot. There is, however, nothing in the record to support this claim and, therefore, we will not consider it.

In support of plaintiff's argument that he is entitled to an unlimited response to paragraph 13, he cites *DeDivitis v International Bus. Machs. Corp.* (228 AD2d 963). In *DeDivitis* (*supra*), this Court concluded that, while documents concerning similar injuries were relevant, disclosure would be limited to documents concerning "injuries resulting from the use of the same model keyboard as that allegedly used by plaintiff since plaintiff failed to establish that other keyboard models are sufficiently similar to warrant inclusion" (*id.*, at 964). Here, too, plaintiff failed to demonstrate that pneumatic hammers not manufactured by defendant are sufficiently similar to the one that allegedly caused his injuries to compel such broad discovery. Plaintiff concedes in his reply brief that he is unable to demonstrate similarity but, nevertheless, claims entitlement to broader discovery because he "has limited his demand to specific design features * * * that either are or are not present on other pneumatic hammers". Inasmuch as every pneumatic hammer either has the particular specified design feature or it does not have that design feature, the limitation claimed by plaintiff is illusory. In any event, absent any factual detail in the record regarding the accident, plaintiff has failed to demonstrate that the presence or absence of the design features is relevant. Plaintiff also claims that the requested documents are relevant to the issues concerning the defective or dangerous condition of the injury-causing pneumatic hammer, as well as to questions of notice and feasibility. However, in the absence of any factual allegations to demonstrate the similarity of the pneumatic hammers referred to in the demand and/or

the relevance of the particular design features referred to in the demand, the claim is pure speculation. Plaintiff is not entitled to broader discovery than that ordered by Supreme Court (*cf.*, *Winiecki v Melroe Co.*, 252 AD2d 496; *Cramer v Kuhns*, 192 AD2d 893).

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.