■ SAMUEL VAN HORN et al., Respondents, v THOMPSON & JOHNSON EQUIPMENT CO., INC., Defendant, and CLARK EQUIPMENT COMPANY, Doing Business as MELROE COMPANY, Appellant. [737 NYS2d 194] —Appeal from an order of Supreme Court, Onondaga County (Nicholson, J.), entered February 12, 2001, which, inter alia, denied the motion of defendant Clark Equipment Company, doing business as Melroe Company, for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by directing defendant Clark Equipment Company, doing business as Melroe Company, to disclose to plaintiffs all information, including design, engineering, manufacturing, and marketing records, and also including accident reports, complaints, claims, and lawsuits, involving Bobcat skid-steer models that are similar in design and operation to the Bobcat 742B model and that were involved in accidents similar to plaintiff's accident, i.e., in which a defectively designed or malfunctioning seatbar/safety bar and/or pedal interlocks led to the inadvertent movement of the Bobcat's lift arms and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Samuel VanHorn (plaintiff) in an accident involving a skid-steer loader, the Bobcat 742B model, manufactured by Clark Equipment Company, doing business as Melroe Company (defendant). Defendant appeals from an order that, inter alia, denied its motion for a protective order with respect to plaintiffs' request for production of documents, and granted plaintiffs' cross motion to compel disclosure, thereby requiring disclosure of 92,244 pages of documents produced by defendant in a Federal District Court products liability action entitled *Butler v Melroe Co.*

We agree with defendant that the blanket disclosure ordered by the court, which goes far beyond that requested by plaintiffs in their demands and motion to compel, would be unduly burdensome (*see, Harris v Textron, Inc.*, 245 AD2d 1058; *see*

*also,* CPLR 3103). It also goes far beyond what is reasonably calculated to lead to evidence "material and necessary" to the prosecution of the action (CPLR 3101 [a]; *see, Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952, 954). Indeed, the disclosure ordered will for the most part convey information irrelevant to the issues in this action (*see, Matter of 425 Park Ave. Co. v Finance Adm'r of City of N.Y.,* 69 NY2d 645, 648; *Rozell v Chicago Pneumatic Tool Co.,* 264 AD2d 930, 932; *Latuso v Black & Decker [U.S.],* 198 AD2d 844) and thus will not "sharpen[ ] the issues and reduc[e] delay and prolixity" (*Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406) or otherwise "advance the function of a trial to ascertain truth and to accelerate the disposition of" the lawsuit (*Rios v Donovan,* 21 AD2d 409, 411; *see, Hunter v Tryzbinski,* 278 AD2d 844, 844-845). We thus modify the order by directing defendant to disclose to plaintiffs all information, including design, engineering, manufacturing, and marketing records, and also including accident reports, complaints, claims, and lawsuits, involving Bobcat skid-steer loader models that are similar in design and operation to the Bobcat 742B model and that were involved in accidents similar to plaintiff's accident, i.e., in which a defectively designed or malfunctioning seatbar/safety bar and/or pedal interlocks led to the inadvertent movement of the Bobcat's lift arms (*cf., Winiecki v Melroe Co.,* 252 AD2d 496, 496-497). Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.