John Ranne et al., Respondents, v Nelson Huff et al., Defendants, and Grove Manufacturing Company, a Division of Kidde, Inc., Appellant. [782 NYS2d 231]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 20, 2004. The order, insofar as appealed from, granted in part plaintiffs' motion to compel responses or further responses to certain interrogatories.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion with respect to interrogatory Nos. 7-11, 22-23, 25, 28-29, 35-53, 59, 62-63, and 92 and as modified the order is affirmed without costs.

Memorandum: In this action brought by plaintiffs on a theory of strict products liability to recover for personal injuries sustained by John Ranne (plaintiff), Grove Manufacturing Company, a Division of Kidde, Inc. (defendant), appeals from an order that, insofar as challenged by defendant, granted plaintiffs' motion in part and compelled it to provide responses or further responses to particular items set forth in plaintiffs' first set of interrogatories and revisions to plaintiffs' first set of

interrogatories. Supreme Court made that order on the basis of plaintiffs' argument that defendant's responses to the interrogatories had been insufficient, notwithstanding the contentions of defendant that it had responded sufficiently to those interrogatories that were answerable and had appropriately declined to answer those that were overly broad in their scope and thus impossible or unduly burdensome to answer.

We reject defendant's contention that plaintiffs' interrogatories should be vacated in their entirety. However, we agree with defendant that the court erred in compelling defendant to respond or respond further to certain of plaintiffs' interrogatories. Certain of the interrogatories are overbroad and seek information that either is irrelevant to plaintiff's accident and the product and product features implicated therein (*cf. Van Horn v Thompson & Johnson Equip. Co.,* 291 AD2d 885, 886 [2002]; *Rozell v Chicago Pneumatic Tool Co.,* 264 AD2d 930, 931-932 [1999]; *Winiecki v Melroe Co.,* 252 AD2d 496, 496-497 [1998]; *Latuso v Black & Decker [U.S.],* 198 AD2d 844 [1993]) or would be unduly burdensome for defendant to provide (*see Albert v Time Warner Cable,* 255 AD2d 248 [1998]). With respect to certain other interrogatories, plaintiffs have not demonstrated that defendant has been nonresponsive or that a further response is needed (*see Shenouda v Cohen,* 1 AD3d 428 [2003]; *Grosso Moving & Packing Co. v Damens,* 261 AD2d 339 [1999]; *L.K. Comstock & Co. v City of New York,* 80 AD2d 805, 807 [1981]). We therefore modify the order by denying plaintiffs' motion with respect to interrogatory Nos. 7-11, 22-23, 25, 28-29, 35-53, 59, 62-63, and 92. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.