ELBIO PARADIS, Appellant, et al., Plaintiff, v F.L. SMITHE MACHINE Co., INC., Respondent. [807 NYS2d 635]—

In an action to recover damages for personal injuries, etc., the plaintiff Elbio Paradis appeals from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated March 22, 2005, as granted that branch of his motion which was to compel a complete response to interrogatory No. 12 only to the extent of requiring disclosure of accidents involving RA Patcher Units which had operator safety guards installed after their purchase.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 13, 2004, the appellant injured his hand when, after removing the safety guard, he placed his hand inside an envelope-producing machine called an RA Patcher Unit to remove an envelope that had caused the unit to stall. The safety guard was newly introduced by the defendant manufacturer in the fall of 2001 and had been installed by the appellant's employer about a month prior to the subject accident. The appellant claimed that the safety guard was designed to stop the RA Patcher Unit from operating once the safety guard was removed.

The Supreme Court properly granted that branch of the appellant's motion which was to compel a complete response to interrogatory No. 12 only to the extent of requiring disclosure of accidents involving RA Patcher Units which had an operator safety guard installed after their purchase (*see Singh v Hobart Corp.*, 302 AD2d 444 [2003]; *Van Horn v Thompson & Johnson Equip. Co.*, 291 AD2d 885 [2002]; *Winiecki v Melroe Co.*, 252 AD2d 496 [1998]). Moreover, the additional multiple subparts contained in interrogatory No. 12 were palpably improper, in that they were of an overly broad and burdensome nature or

sought privileged information (see Botsas v Grossman, 7 AD3d 654 [2004]; EIFS, Inc. v Morie Co., 298 AD2d 548 [2002]; Bettan v Geico Gen. Ins. Co., 296 AD2d 469 [2002]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.