■ MARC KURMAN, Appellant, v ROBERT SCHNAPP, Respondent. [901 NYS2d 17]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 2, 2009, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion insofar as it sought to dismiss the causes of action for violation of Judiciary Law § 487 and breach of fiduciary duty, and otherwise affirmed, without costs.

Plaintiff stated a cause of action under Judiciary Law § 487 by alleging that defendant deceived or attempted to deceive the court with a fictitious letter addressed to him from the former licensing director of the City's Taxi and Limousine Commission (TLC) that stated, inter alia, that plaintiff was under a lifetime ban on owning any licenses with the TLC (*see Amalfitano v Rosenberg*, 12 NY3d 8, 14 [2009]). Plaintiff further sufficiently alleged specific damages that could not have occurred in the absence of defendant's conduct (*see id.* at 15). The 2008 affidavit by the TLC's former licensing director offered by defendant in support of his motion fails to demonstrate conclusively that plaintiff has no cause of action (*see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]).

Plaintiff's breach of fiduciary duty cause of action is not duplicative of his legal malpractice cause of action, since it is premised on separate facts that support a different theory (*see*

*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker,* 56 AD3d 1, 9-10 [2008]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.,* 10 AD3d 267, 271 [2004]). As alleged, plaintiff's breach of fiduciary duty claim arose in December 2006, when defendant commenced his litigation activities against plaintiff in the Westchester County Supreme Court action, and continued through defendant's 2007 disqualification from representing the Queens Medallion Leasing Inc. defendants, and thereafter. In contrast, plaintiff's legal malpractice claim is based upon defendant's alleged 2005 and 2006 "communications with the TLC that may have left the impression that [defendant] was still representing [plaintiff] at that time."

Any cause of action for legal malpractice by plaintiff against defendant was time-barred after 2002, since the allegation that defendant may have left TLC with the impression that he was still representing plaintiff in 2005 and 2006 does not establish a continuing attorney-client relationship between plaintiff and defendant after 1999 (*see* CPLR 214).

However, plaintiff stated a cause of action for breach of fiduciary duty because an attorney is prohibited from representing parties whose interests are adverse to his or her former client in matters that are substantially related (*see Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]; *Greene v Greene,* 47 NY2d 447, 453 [1979]). Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.