■ M&T BANK CORPORATION, Respondent, v GEMSTONE CDO VII, LTD., et al., Defendants, and DEUTSCHE BANK SECURITIES, INC., Appellant. [912 NYS2d 824]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 5, 2010 in a breach of contract action. The order, among other things, granted in part and denied in part plaintiff's motion to compel production of documents.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for, inter alia, breach of contract arising from its purchase of certain mortgage-backed securities from defendants. Defendant Deutsche Bank Securities, Inc. (DBSI) contends on appeal that Supreme Court erred in granting those parts of plaintiff's motion to compel DBSI to produce documents concerning certain types of securities, inasmuch as DBSI had previously provided those documents to the New York State Attorney General (AG) in connection with the AG's investigation of possible fraud in the preparation, packaging and marketing of those types of securities. We affirm. Contrary to the contention of DBSI, the court neither abused nor improvidently exercised its discretion in directing DBSI to provide plaintiff with copies of the documents in question, particularly in view of the fact that CPLR 3101 (a) is to be interpreted liberally in favor of disclosure (see generally Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745-746 [2000]). We conclude in addition that the documents sought were material and necessary to the prosecution of the action (see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]). Furthermore, although "the need for discovery must be weighed against any special burden to be borne by the opposing party" (Andon, 94 NY2d at

747 [internal quotation marks omitted]), DBSI has failed to establish that any special burden arises from providing plaintiff with electronic copies of the documents previously supplied to the AG. Present—Lindley, J.P., Sconiers, Pine and Gorski, JJ.