■ Country Club Partners, LLC, Appellant, v Paul J. Goldman et al., Respondents. [913 NYS2d 803]—

Egan Jr., J. Appeals (1) from an order of the Supreme Court (Platkin, J.), entered October 30, 2009 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the amended complaint, and (2) from the judgment entered thereon.

In November 2004, plaintiff retained defendant Segel, Goldman, Mazzotta & Siegel, P.C. (hereinafter SGMS), a law firm, to represent it in the acquisition of the assets and indebtedness of Colonie Country Club, Inc. (hereinafter the club), a golf club located in the Town of New Scotland, Albany County. SGMS handled the formation of plaintiff's limited liability corporation and the drafting of its operating agreement, which referenced plaintiff's intention to sell 55 acres of excess real property also owned by the club. The closing occurred on plaintiff's acquisition of the club's assets and mortgage in February 2005. By June 2005, the operating agreement was signed by all of plaintiff's members. Thereafter, in July 2006, plaintiff entered into negotiations to obtain an option to purchase a portion of real property owned by Marilyn Kime, which abutted the club's property, but these efforts proved unsuccessful. Thereafter, defendant Paul J. Goldman, an officer and shareholder at SGMS who worked there while it represented plaintiff, and other parties, entered into negotiations to acquire the entire Kime property, resulting in Goldman's purchase of the property for $435,000 in October 2006.

Plaintiff commenced this action against defendants seeking damages for, among other things, breaching their fiduciary duty to plaintiff by allegedly using confidential information obtained during their representation of plaintiff to acquire the Kime property. Supreme Court granted defendants' motion for summary judgment dismissing the complaint on, among other grounds, the lack of proximate cause between defendants' alleged misconduct and the damages claimed by plaintiff. Plaintiff now appeals.*

---

* That part of Supreme Court's order granting defendants summary judgment on plaintiff's causes of action against SGMS for aiding and abetting Goldman's breach of fiduciary duty, as well as claims against both defendants for legal malpractice, fraudulent concealment and constructive fraud, is not addressed in plaintiff's brief and any issues with respect thereto are deemed

Initially, contrary to defendants' contention, since plaintiff's breach of fiduciary duty claim relates, in part, to Goldman's allegedly improper actions occurring after SGMS's representation of plaintiff ceased, and plaintiff's malpractice claim relates, in part, to defendants' allegedly improper actions occurring during SGMS's representation of plaintiff, the two claims are not duplicative (*see Kurman v Schnapp*, 73 AD3d 435, 435-436 [2010]; *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 9 [2008]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]). Accordingly, Supreme Court properly addressed the breach of fiduciary duty claim on the merits.

Turning to the merits of plaintiff's argument, the attorney-client relationship "imposes on the attorney [t]he duty to deal fairly, honestly and with undivided loyalty . . . including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the clients' interests over the lawyer's" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d at 9 [internal quotation marks and citations omitted]; *see Krouner v Koplovitz*, 175 AD2d 531, 532 [1991]). To recover on its claim, plaintiff is required to "prove both the breach of a duty owed to it and damages sustained as a result" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d at 10 [citation omitted]). That is, a client must establish "actual and ascertainable damages" (*Boone v Bender*, 74 AD3d 1111, 1112 [2010] [internal quotation marks and citations omitted]; *see Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]) that would not have occurred "but for" the attorney's conduct (*Boone v Bender*, 74 AD3d at 1113; *see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d at 10; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d at 271-272). "For defendants to succeed on their motion for summary judgment here, they were required to present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (*Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d at 926 [citations omitted]; *see Boone v Bender*, 74 AD3d at 1112-1113).

Here, summary judgment dismissing plaintiff's cause of action alleging a breach of fiduciary duty was properly granted since defendants met their burden on their motion and, in opposition, plaintiff failed to raise a question of fact that defendants' breach proximately caused it any ascertainable damages

abandoned (*see Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 n 1 [2009]).

(*see Boone v Bender*, 74 AD3d at 1113; *Brodeur v Hayes*, 18 AD3d 979, 980-981 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]). In support of their motion, defendants presented Kime's affidavit, in which she stated that Michael Gordon, a member of plaintiff, contacted her about acquiring an option to purchase a portion of her property. Kime stated that she advised Gordon that she was not interested in selling an option to only a portion of her property, but instead desired to sell outright the entire parcel, including its residence. According to Kime, neither Gordon nor any other member of plaintiff made subsequent offers to purchase the entire parcel and negotiations with plaintiff ceased. Kime was thereafter approached by several people interested in purchasing the property and, in August 2006, she received two offers to purchase the entire parcel, one from Goldman and another from Todd Britton and Mary Britton, both for $435,000. Kime stated that she decided to accept Goldman's offer over the Brittons' offer because it included a higher down payment ($100,000 compared to $5,000) and was, in the opinion of her attorney, the stronger offer. In opposition to defendants' motion, Gordon submitted an affidavit in which he stated that negotiations with Kime progressed to the point where an offer in the amount of $400,000 was made and an option agreement was drafted.

Plaintiff failed to establish that "but for" Goldman's actions, it would have successfully negotiated for the purchase of the Kime property, especially in light of the purchase offer submitted by the Brittons (*see Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424-425 [2007]). Equally fatal to plaintiff's claim is its inability to establish "actual and ascertainable damages" (*Ressis v Wojick*, 105 AD2d 565, 567 [1984], *lv denied* 64 NY2d 609 [1985]; *see Miszko v Leeds & Morelli*, 3 AD3d 726, 727 [2004]). While plaintiff claimed damages in the amount of $400,000, it provided no evidence that it actually expended any moneys in its unsuccessful effort to acquire an interest in the Kime property and, while plaintiff claims that Goldman's actions interfered with its ability to negotiate with Kime, the outcome of these negotiations—that never occurred—is entirely speculative (*see GUS Consulting GmbH v Chadbourne & Parke LLP*, 74 AD3d 677, 679 [2010]; *Brodeur v Hayes*, 18 AD3d at 981; *Zarin v Reid & Priest*, 184 AD2d 385, 388 [1992]). Accordingly, Supreme Court properly granted summary judgment to defendants.

Finally, because plaintiff's argument that it requires further discovery is being raised for the first time on appeal, it is unpreserved for appellate review (*see General Elec. Capital*

*Corp. v Highgate Manor Group, LLC*, 69 AD3d 992, 993-994 [2010]).

Spain, J.P., Malone Jr. and Kavanagh, JJ., concur. Ordered that the order and judgment are affirmed, with costs.