# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**291**
**CA 10-00933**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

DAVID NEUMAN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STUART A. FRANK, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (CHRISTOPHER G. TODD OF COUNSEL), FOR DEFENDANT-APPELLANT.

HARRIS BEACH PLLC, ROCHESTER (DOUGLAS A. FOSS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 25, 2010. The order, inter alia, directed defendant Stuart A. Frank to produce certain documents.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion for leave to renew and vacating the directives that defendant Stuart A. Frank disclose his unredacted cellular telephone records for the period from October 1, 2004 to December 31, 2007 and his unredacted tax returns for the years 2004 through 2007 and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings with respect to those cellular telephone records and tax returns in accordance with the following Memorandum: Plaintiff commenced this action alleging, inter alia, that Stuart A. Frank (defendant), a partner in defendant law firm, committed legal malpractice and breached his fiduciary duty to plaintiff during the course of representing him by acting in a manner that conflicted with plaintiff's interests. Plaintiff moved for leave to renew his motion seeking to compel discovery by defendant and in addition sought a protective order striking defendant's demands for supplemental interrogatories and for the production of documents. Defendant cross-moved for an order compelling plaintiff to respond to his discovery demands, and both defendants cross-moved for partial summary judgment dismissing the first cause of action, for breach of fiduciary duty, as duplicative of the second cause of action, for legal malpractice.

Addressing defendants' cross motion for partial summary judgment, we conclude that Supreme Court properly denied the cross motion with respect to defendant, the sole appellant. "A cause of action for legal malpractice must be based on 'the existence of an

attorney-client relationship at the time of the alleged malpractice' " (*TVGA Eng'g, Surveying, P.C. v Gallick* [appeal No. 2], 45 AD3d 1252, 1256; *see Compis Servs., Inc. v Greenman*, 15 AD3d 855, *lv denied* 4 NY3d 709).  The fiduciary duty of an attorney, however, "extends both to current clients and former clients and thus is broader in scope than a cause of action for legal malpractice" (*TVGA Eng'g, Surveying, P.C.*, 45 AD3d at 1256; *see Greene v Greene*, 47 NY2d 447, 453).  Thus, a cause of action for legal malpractice based upon alleged misconduct occurring during the attorney's representation of the plaintiff is not duplicative of a cause of action for breach of fiduciary duty based upon alleged misconduct occurring after the termination of the representation (*see Country Club Partners, LLC v Goldman*, 79 AD3d 1389, 1391; *Kurman v Schnapp*, 73 AD3d 435, 435-436).  Although plaintiff alleged in the amended complaint that defendant's misconduct occurred during the period from October 2004 to May 2005, when defendant represented plaintiff in transactions related to the development of a shopping center, defendant testified at his deposition that he withdrew from representing plaintiff at some point prior to April 11, 2005.  Therefore, based on defendant's own deposition testimony, defendants failed to meet their initial burden of establishing that the breach of fiduciary duty cause of action is duplicative of the legal malpractice cause of action for the period between May 2005 and the as yet unspecified date prior to April 11, 2005 when defendant ceased to represent plaintiff (*see Country Club Partners, LLC*, 79 AD3d at 1391; *Kurman*, 73 AD3d at 435-436).

Contrary to defendant's further contention, plaintiff's motion for leave to renew with respect to discovery was based upon facts unavailable at the time of the prior motion (*see* CPLR 2221 [e] [2]). Also contrary to defendant's contention, the court did not abuse its broad discretion to supervise discovery by ordering defendant to produce unredacted financial records (*see generally* CPLR 3101 [a]; *Cain v New York Cent. Mut. Fire Ins. Co.*, 38 AD3d 1344).  We further conclude, however, that the court erred in ordering defendant to disclose his unredacted cellular telephone records for the period from October 1, 2004 to December 31, 2007 without first submitting those records to the court for an in camera review, to determine which cellular telephone calls "are material and related to" this action and to protect the confidentiality of defendant's other clients (*Carter v Fantauzzo*, 256 AD2d 1189, 1190).  In addition, the court erred in ordering defendant to produce his unredacted tax returns for the years 2004 through 2007 without first conducting "an in camera review of the tax returns in question to determine whether full disclosure is required and to minimize the intrusion into [defendant's] privacy" (*id.*).  Plaintiff made "the requisite showing that those tax returns were indispensable to this litigation and that relevant information possibly contained therein was unavailable from other sources" (*Lauer's Furniture Stores v Pittsford Place Assoc.*, 190 AD2d 1054; *see Carter*, 256 AD2d at 1190) but, as noted, defendant nevertheless was entitled to an in camera review before producing those tax returns. We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine those parts of the motion for leave to renew following an in camera review of the cellular telephone records and tax returns at issue.

Finally, we conclude that the court properly granted that part of plaintiff's motion for a protective order and properly denied defendant's cross motion seeking to compel further discovery. Defendant's discovery demands were duplicative of prior discovery demands, and "[defendant] ha[s] not demonstrated that [plaintiff] has been nonresponsive or that a further response is needed" (*Ranne v Huff*, 11 AD3d 952, 953; *see generally* CPLR 3101 [a]; *M&T Bank Corp. v Gemstone CDO VII, Ltd.*, 78 AD3d 1664).

Entered: March 25, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court