In a consolidated action, inter alia, to recover legal fees, the defendants/counterclaim plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 16, 2011, as denied their motion pursuant to CFLR 3211 (a) (3) and 1025 to dismiss the second amended verified complaint on the ground that the plaintiff/counterclaim defendant had no legal capacity to sue and granted those branches of the cross motion of the additional counterclaim defendant David Barshay pursuant to CELR 3211 (a) (7) which were to dismiss their first through eighth counterclaims insofar as asserted against him, and the additional counterclaim defendant David Barshay cross-appeals, *1023 as limited by his brief, from so much of the same order as denied that branch of his cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the ninth counterclaim of the defendants/ counterclaim plaintiffs insofar as asserted against him.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the additional counterclaim defendant David Barshay pursuant to CPLR 3211 (a) (7) which were to dismiss the first through eighth counterclaims of the defendants/counterclaim plaintiffs insofar as asserted against him, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the additional counterclaim defendant David Barshay to the defendants/counterclaim plaintiffs, and one bill of costs payable by the defendants/ counterclaim plaintiffs to the plaintiff/counterclaim defendant.
When assessing a motion to dismiss a complaint or counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851 [2012]; Mazzei v Kyriacou, 98 AD3d 1088, 1089 [2012]; Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 664 [2012]).
Here, the Supreme Court erred in granting those branches of cross motion of the additional counterclaim defendant David Barshay which were to dismiss the first, second, third, sixth, seventh, and eighth counterclaims insofar as asserted against him by the defendants/counterclaim plaintiffs on the ground that the defendants/counterclaim plaintiffs failed to allege that Barshay’s conduct constituted an abuse of the privilege of doing business in the corporate form and, therefore, failed to allege the material elements necessary to pierce the corporate veil. Contrary to the Supreme Court’s determination, the defendants/counterclaim plaintiffs adequately pleaded allegations that Barshay dominated the plaintiff limited liability company, and engaged in acts amounting to an abuse of the privilege of doing business in that form so as to perpetrate a wrong or injustice against them (see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075 [2012]; Medical Arts Off. Seros., Inc. v Erber, 89 AD3d 698, 700 [2011]; cf. East Hampton Union Free School Disk v Sandpebble Bldrs., Inc., 16 NY3d 775 [2011]). Accordingly, the allegations set forth in the counterclaims were suf *1024 ficient to state a cause of action against Barshay under the theory of piercing the corporate veil.
Moreover, the Supreme Court erred in granting those branches of Barshay’s cross motion which were to dismiss the fourth and fifth counterclaims insofar as asserted against him since those counterclaims, sounding in fraud and breach of fiduciary duty, respectively, were not duplicative of the legal malpractice counterclaim (see Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837 [2013]; Neuman v Frank, 82 AD3d 1642 [2011]; Country Club Partners, LLC v Goldman, 79 AD3d 1389 [2010]; Kurman v Schnapp, 73 AD3d 435 [2010]).
The parties’ remaining contentions are without merit. Dickerson, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.