*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014          517712
_____

DEBORAH KAUFMAN,

                    Appellant,

        v

MEDICAL LIABILITY MUTUAL
    INSURANCE COMPANY,

                    Defendant,        MEMORANDUM AND ORDER
        and

CARTER, CONBOY, CASE,
    BLACKMORE, MALONEY & LAIRD,
    P.C.,

                    Respondent.
_____


Calendar Date:  September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ.

                    _____


        Morton Povman, PC, Forest Hills (David M. Samel, New York
City, of counsel), for appellant.

        Martin Clearwater & Bell, LLP, New York City (Barbara D.
Goldberg of counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Devine, J.),
entered January 22, 2013 in Albany County, which, among other
things, granted a motion by defendant Carter, Conboy, Case,
Blackmore, Maloney & Laird, P.C. for summary judgment dismissing
the complaint against it.

The pertinent facts are set forth in an earlier appeal in this action (92 AD3d 1057 [2012]), as well as an appeal in the underlying medical malpractice case where the legal malpractice alleged herein purportedly occurred (Norton v Nguyen, 49 AD3d 927 [2008]). Briefly stated, plaintiff and Patricia Nguyen, both physicians practicing obstetrics and gynecology, and their employer, Nathan Littauer Hospital and Nursing Home, were sued by Jamie Lee Norton (and her husband derivatively) for medical malpractice. Plaintiff, Nguyen and the hospital were insured by defendant Medical Liability Mutual Insurance Company, which assigned defense of the case to defendant Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. (hereinafter defendant). The Norton action proceeded to a jury trial, where defendant represented plaintiff, Nguyen and the hospital. The jury found in favor of the Nortons, apportioning liability between plaintiff (35%) and Nguyen (65%), and awarding damages that were eventually reduced to $3.2 million. Plaintiff commenced this action asserting, among other things, that defendant's representation of all defendants in the Norton action and use of a "united front" defense resulted in a conflict of interest to the detriment of plaintiff, and constituted legal malpractice under the circumstances. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and plaintiff appeals.

Elements that plaintiff must prove in a legal malpractice action include that her attorney was negligent, she would have succeeded on the merits "but for" her attorney's negligence and she sustained actual and ascertainable damages (see Dombrowski v Bulson, 19 NY3d 347, 350 [2012]; AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]; Country Club Partners, LLC v Goldman, 79 AD3d 1389, 1391 [2010]). On a motion for summary judgment, defendant has the initial burden of presenting evidence "establishing that plaintiff is unable to prove at least one of these elements" (Geraci v Munnelly, 85 AD3d 1361, 1362 [2011] [internal quotation marks and citation omitted]; see Guiles v Simser, 35 AD3d 1054, 1055 [2006]). "[I]f the movant is successful the opposing party must then submit proof in admissible form sufficient to create a question of fact requiring a trial" (Parmisani v Grasso, 218 AD2d 870, 871 [1995] [internal quotation marks and citation omitted]; see Country Club Partners, LLC v Goldman, 79 AD3d at 1391-1392). Supreme Court determined

that defendant met its burden as to each of the elements of negligence, proximate cause and damages, and that plaintiff failed to submit sufficient proof to raise a triable issue as to all those elements.

Considering first the element of damages, the undisputed proof established that plaintiff did not have to pay any part of the verdict, which was covered in full by the insurer and hospital. Plaintiff's contention that she sustained non-pecuniary damages, such as a taint on her reputation resulting from media and other coverage of the Norton verdict, is unavailing since "the established rule limit[s] recovery in legal malpractice actions to pecuniary damages" (Dombrowski v Bulson, 19 NY3d at 352; see Guiles v Simser, 35 AD3d at 1056; Wilson v City of New York, 294 AD2d 290, 292 [2002]). Plaintiff continued working at the hospital after the Norton verdict and, as her contract was coming to an end about a year later, plaintiff was offered a new contract. Indeed, Nguyen, who had been assigned more culpability than plaintiff, had her contract renewed. Although plaintiff did not like some of the changes in the terms of the new contract, those same terms were also made mandatory for other physicians and plaintiff was not singled out in such regard because of the Norton verdict. Defendant produced proof that plaintiff took the position during contract negotiations that she desired to significantly scale back or eliminate the obstetrics part of her practice at the hospital, a move that was opposed by the hospital's other physicians. Plaintiff eventually elected to resign from the hospital rather than renew her contract. Her arguments that her difficulty in obtaining employment with comparable compensation and that subsequent potential increases in her malpractice premiums resulted directly from the Norton verdict are speculative and unsupported in this record (see generally Brodeur v Hayes, 18 AD3d 979, 981 [2005], lv dismissed and denied 5 NY3d 871 [2005]).

Defendant met its burden of establishing the absence of actual and ascertainable damages, and plaintiff failed to raise a triable issue on such element. Therefore, the legal malpractice claim was properly dismissed. It is not necessary to discuss the other elements of the legal malpractice claim found lacking by Supreme Court.

Rose, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court