Has K'Paw Mu v Lyon (2018 NY Slip Op 00687)





Has K'Paw Mu v Lyon


2018 NY Slip Op 00687


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


109 CA 17-01512

[*1]HAS K'PAW MU AND SA QUE FARA, INFANTS BY THEIR FATHER AND LEGAL GUARDIAN, HEN BLAY HTOO, AND HEN BLAY HTOO, AS ADMINISTRATOR OF THE ESTATE OF EH KAW MU, DECEASED, PLAINTIFFS-RESPONDENTS,
v
ALBERT LYON, M.D., ET AL., DEFENDANTS, WILLIAM GRABER, M.D., JOY BLACK, M.D., AND FAXTON-ST. LUKE'S HEALTHCARE, DEFENDANTS-APPELLANTS. 






LEVENE GOULDIN & THOMPSON, LLP, BINGHAMTON (JARED R. MACK OF COUNSEL), FOR DEFENDANT-APPELLANT WILLIAM GRABER, M.D. 
NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (ANDREW S. HOLLAND OF COUNSEL), FOR DEFENDANTS-APPELLANTS JOY BLACK, M.D. AND


 


 Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered May 25, 2017. The order, inter alia, denied the motions of defendants-appellants to compel authorizations to release the personal tax returns of Hen Blay Htoo and decedent for certain years. 
Now, upon the stipulation to partially withdraw appeal with respect to defendant Joy Black, M.D. signed by the attorneys for defendants-appellants and plaintiffs-respondents on November 21, 2017 and November 28, 2017,
It is hereby ORDERED that the appeal by defendant Joy Black, M.D. is unanimously dismissed upon stipulation, and the order so appealed from is modified on the law by granting the motions of defendants William Graber, M.D. and Faxton-St. Luke's Healthcare in accordance with the following memorandum, and as modified the order is affirmed without costs.
Memorandum: Eh Kaw Mu (decedent) died on November 19, 2010, and plaintiff Hen Blay Htoo (Htoo) was issued letters of guardianship for the infant plaintiffs, the children of decedent and Htoo, in December 2013 and limited letters of administration for decedent's estate in February 2014. Plaintiffs commenced this wrongful death action on May 1, 2014. Defendant Faxton-St. Luke's Healthcare, inter alia, moved pursuant to CPLR 3124 to compel Htoo to provide, inter alia, duly executed DTF-505 forms from the New York State Department of Taxation and Finance (NYSDTF), that would allow them to obtain copies of tax returns for the years 2008, 2009, and 2010 for Htoo and decedent. Those defendants also sought an order directing NYSDTF to comply with a proposed subpoena duces tecum seeking copies of those income tax returns. By a separate motion, defendant William Graber, M.D., inter alia, joined in [*2]the above motion. As relevant to this appeal, Faxton-St. Luke's Healthcare and Graber (hereafter, defendants) asserted that the information was needed to show that decedent and Htoo were married at the time of decedent's death, which would permit them to establish subsequently that the complaint was untimely. At his deposition, Htoo testified that he and decedent, who are Burmese, met in a refugee camp in Thailand and had one child who was born before they came to the United States as refugees in 2009, and that another child was born thereafter. Those children are plaintiffs in this action. Htoo denied that he and decedent were ever married. In certain immigration forms, however, they are listed as married. When asked at his deposition if he filed his tax returns as a single or married person in 2009/2010, he responded "I guess marry [sic]."
We conclude that Supreme Court erred in denying the motions. Individual tax returns are generally not discoverable unless the movant makes a " requisite showing that [the] tax returns [are] indispensable to [the] litigation and that [the] relevant information possibly contained therein [is] unavailable from other sources' " (Neuman v Frank, 82 AD3d 1642, 1644 [4th Dept 2011]; see Latture v Smith, 304 AD2d 534, 536 [2d Dept 2003]). A wrongful death action has a two-year statute of limitations from the date of the decedent's death (see EPTL § 5-4.1[1]). Where the sole distributee is an infant, the statute is tolled "until appointment of a guardian or the majority of the sole distributee, whichever is earlier" (Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 694 [1991]). Where, however, the decedent is married and the surviving spouse is thus a distributee of the estate, the infancy toll does not apply because the spouse "was available both to seek appointment as the personal representative of the estate and to commence an action on behalf of the children in a timely fashion" (Barnaba-Hohm v St. Joseph's Hosp. Health Ctr., 130 AD3d 1482, 1484 [4th Dept 2015]; see Baez v New York City Health & Hosps. Corp., 80 NY2d 571, 576-577 [1992]).
In support of their motions, defendants asserted that they had "attempted to obtain the marriage records of . . . Htoo and the decedent from Thailand/Myanmar; however, the location of these documents [has] proven to be difficult, if not impossible, to find." We conclude that defendants made the requisite showing that the tax returns are "relevant and indispensable" to support their affirmative defense based on the statute of limitations (Levine v City Med. Assoc., P.C., 108 AD3d 746, 747 [2d Dept 2013]; see Neuman, 82 AD3d at 1644). We therefore grant the motions, and we direct Htoo to provide the duly executed forms for release of the tax returns. With respect to the requested relief of an order directing NYSDTF to comply with a subpoena, NYSDTF submitted an attorney affirmation in response to the motions, noting that it would comply with the proposed subpoena when properly completed DTF-505 forms were provided with service of the subpoena. NYSDTF also submitted an amicus brief on this appeal asking this Court not to order compliance with the subpoena unless and until it was provided with the completed forms, and the moving defendants do not seek otherwise. We agree with NYSDTF that it is required to comply with the subpoena only if the subpoena is accompanied by the completed forms.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court