Smith v Triple-O Mech., Inc. (2024 NY Slip Op 03664)

Smith v Triple-O Mech., Inc.

2024 NY Slip Op 03664

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1050.2 CA 23-01312

[*1]BRUCE D. SMITH, PLAINTIFF-RESPONDENT,
v
TRIPLE-O MECHANICAL, INC., AND LUKE GIANNONE, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.)

UNDERBERG & KESSLER LLP, ROCHESTER (DAVID M. TANG OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Genesee County (Timothy J. Walker, A.J.), entered August 2, 2023. The order denied the motion of defendants to stay discovery and disclosure and directed defendants to produce certain documents. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the directive ordering defendants to produce documents and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action against his former employer and its principal, asserting causes of action for, inter alia, breach of contract and fraud. In appeal No. 1, defendants appeal from an order that granted plaintiff's motion to compel production of certain documents, including financial records, and held in abeyance defendants' cross-motion for summary judgment dismissing the complaint. In appeal No. 2, defendants appeal from an order that denied defendants' order to show cause seeking to stay discovery and enjoin the production of the documents sought by plaintiff and ordered defendants to produce those documents.
As an initial matter, we dismiss the appeal from that part of the order in appeal No. 1 granting plaintiff's motion inasmuch as that part of the order was necessarily superseded by the order in appeal No. 2 insofar as it directed defendants to produce the documents in question (see Palaszynski v Mattice, 78 AD3d 1528, 1528 [4th Dept 2010]). Further, we dismiss the appeal from that part of the order in appeal No. 1 holding defendants' cross-motion in abeyance inasmuch as no appeal lies as of right from that determination (see CPLR 5701 [a] [2]; Pacheco v City of New York, 300 AD2d 554, 554 [2d Dept 2002]; Cirillo v Cremonese, 283 AD2d 601, 602 [2d Dept 2001]; Nikac v Rukaj, 276 AD2d 537, 538 [2d Dept 2000]).
In appeal No. 2, we agree with defendants that Supreme Court abused its discretion in granting plaintiff's motion without first conducting an in camera review of the documents in question, and we therefore modify the order accordingly. CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "The phrase material and necessary should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Rawlins v St. Joseph's Hosp. Health Ctr., 108 AD3d 1191, 1192 [4th Dept 2013] [internal quotation marks omitted]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Here, although plaintiff established that the documents requested are central to his claims (see Gitlin v Chirinkin, 71 AD3d 728, 729 [2d Dept 2010]), defendants are nevertheless entitled to an in camera review before producing the documents "to determine whether full disclosure is required and to minimize the intrusion into [defendants'] privacy" (Carter v Fantauzzo, 256 AD2d 1189, 1190 [4th Dept 1998]; see CPLR 3103 [a]; [*2]Neuman v Frank, 82 AD3d 1642, 1644 [4th Dept 2011]). In light of our determination, we do not address defendants' contention that this Court should stay discovery pending determination of the cross-motion.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court