■ STEVEN L. LEVITT & ASSOCIATES, P.C., Plaintiff and Counterclaim Defendant-Respondent, v RONALD BALKIN et al., Defendants and Counterclaim Plaintiffs-Appellants. STEVEN L. LEVITT, Additional Counterclaim Defendant-Respondent. [863 NYS2d 77]—

In an action, inter alia, to recover damages for breach of contract for the payment of legal fees, the defendants and counterclaim plaintiffs appeal from an order of the Supreme Court, Nassau County (Diamond, J.) entered February 22, 2007, which granted the motion of the plaintiff and counterclaim defendant and the additional counterclaim defendant for summary judgment dismissing the counterclaims alleging legal malpractice, denied their cross motion pursuant to CPLR 3126, inter alia, to strike the complaint for the plaintiff's failure to comply with discovery demands, and directed the plaintiff to file a note of issue.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof directing the plaintiff to file a note of issue, and (2) by deleting the provision thereof granting the motion of the plaintiff and counterclaim defendant and the additional counterclaim defendant for summary judgment dismissing the counterclaims alleging legal malpractice and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the appellants; and it is further,

Ordered that the time for completion of discovery is extended until 90 days after the service upon the respondents of a copy of this decision and order.

The defendant Ronald A. Balkin (hereinafter Ronald) was the plaintiff in a prior matrimonial action against Karen Balkin, his former wife (hereinafter Karen). Ronald was also the plaintiff, along with the defendant Dr. Ronald A. Balkin, M.D., P.C. (hereinafter together the appellants), in a related civil action against Karen and other parties (hereinafter the related civil action). The matrimonial action and the related civil action were joined for trial and subsequently settled together by an oral stipulation read into the record in open court (*see Balkin v Balkin*, 43 AD3d 967 [2007]).

The plaintiff in the instant matter is the law firm that represented the appellants in the related civil action. The additional counterclaim defendant, Steven L. Levitt, is the plaintiff's principal. The plaintiff commenced the instant action, inter alia, to recover damages for the appellants' alleged breach of contract in failing to pay the legal fees incurred in litigating the related civil action.

The Supreme Court should have denied that branch of the motion of the plaintiff and counterclaim defendant and the additional counterclaim defendant (hereinafter together the respondents) which was for summary judgment dismissing the appellants' first counterclaim alleging legal malpractice, based upon allegations that the respondents misrepresented the scope of the oral stipulation of settlement in the related civil action, and that the settlement of the related civil action was not knowingly and voluntarily made. The respondents made a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof, in the form of the transcript of the aforementioned oral stipulation (*see Pacella v Whiteman Osterman & Hanna*, 14 AD3d 545 [2005]; *Malarkey v Piel*, 7 AD3d 681 [2004]; *Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn*, 295 AD2d 321 [2002]). In response, the appellants raised a triable issue of fact as to whether or not they in fact voluntarily and knowingly entered into the terms of the stipulation, specifically with respect to Ronald's receipt of a credit in the sum of only $500,000, rather than in the sum of $937,000, from Karen's share of her equitable distribution award. The appellants raised a triable issue of fact by showing that Ronald, in response to a question posed by the court during the proceeding in which the stipulation was placed on the record, changed his response from "no" to "yes," when asked by the court if he understood that it would "not entertain any setting aside of the [settlement] without a showing of extreme circumstances." Ronald explained, in an affidavit, that he changed his answer at the explicit instruction of his attorney, Steven L. Levitt, the plaintiff's principal. This change in his answer was allegedly based upon statements in the record that the settlement of the related civil action would "be effective as of the date of execution of the documents," and not the date of the court appearance. Ronald averred that he understood that "[t]he formal stipulation of settlement" would reflect his attorney's representation to him that the misstated sum of $500,000 was to be corrected to $937,000, that the correction would be worked out when the stipulation was put on paper, and that "[i]t would all be 'fixed' later."

Additionally, Ronald averred in his affidavit that on the eve-

ning prior to the settlement proceeding, i.e., on June 6, 2005, the respondents had assured him that he would receive a credit against Karen's equitable distribution award of $937,000. This contention was supported with an affidavit from a Mr. Racanello, a friend of Ronald's, to the effect that he was present in court on June 7, 2005, during a discussion between Ronald and the respondents. According to Racanello, at that time, they "told [Ronald] that his claims against [Karen] were to be settled for $937,000.00."

The Supreme Court also erred in granting that branch of the respondents' motion which was for summary judgment dismissing the appellants' second counterclaim. That counterclaim alleged that the plaintiff and its principal, the counterclaim defendant Steven L. Levitt, made several mistakes while representing the appellants in the related civil action, including a failure to conduct necessary discovery, a failure to correct a forensic accountant's report, and a failure to properly prepare for trial. In support of that branch of the motion, the respondents' sole evidentiary proof was the transcript of the aforementioned oral settlement, and they relied only on the existence of the settlement itself. This proof was insufficient to make a prima facie showing of entitlement to judgment as a matter of law in connection with the second counterclaim. The settlement of an underlying action does not, without more, preclude a subsequent action for legal malpractice if the settlement was effectively compelled by the mistakes of counsel (cf. *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640 [2008]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]). Since the respondents failed to make the required prima facie showing, this branch of the motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to the appellants' contention, there was no showing that the respondents willfully or contumaciously failed to comply with the appellants' requests for disclosure so as to warrant the striking of the complaint (*see* CPLR 3126; *Conciatori v Port Auth. of N.Y. & N.J.*, 46 AD3d 501 [2007]; *Sau Ting Cheng v Prime Design Realty, Inc.*, 44 AD3d 644 [2007]; *Resnick v Schwarzkopf*, 41 AD3d 573 [2007]). However, the Supreme Court erred in directing the plaintiff to file a note of issue when there had not yet been any discovery actually conducted in this matter.

In light of our determination, we need not reach the parties' remaining contentions. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.