■ KATHRYN M. BOONE, Respondent, v JOEL C. BENDER et al., Appellants. [904 NYS2d 467]—

In an action to recover damages for legal malpractice and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 22, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants represented the plaintiff in an action for a divorce and ancillary relief which ended in a settlement prior to trial. Subsequently, the plaintiff commenced this action against the defendants, alleging legal malpractice on the ground that the defendants compromised their level of advocacy and coerced her into entering into the settlement. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). Furthermore, "[t]o establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005] [internal quotation marks omitted]). Moreover, "[t]o obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to

prove at least one of the essential elements of its legal malpractice cause of action" (*Boglia v Greenberg*, 63 AD3d 973, 974 [2009]).

Ordinarily, an action for breach of fiduciary duty requires a plaintiff to merely identify a conflict of interest amounting to a substantial factor in the plaintiff's loss (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 10 [2008]). However, where, as here, the plaintiff's claims of breach of fiduciary duty are essentially claims of legal malpractice, they are governed by the same standard (*see Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 261 [2010]; *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d at 10). Thus, the plaintiff must demonstrate that "but for" the defendants' conduct, she would have prevailed in the underlying matter or would not have sustained any ascertainable damages (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 272 [2004]).

Here, the defendants met their prima facie burden of demonstrating that the complaint has no merit (*see* CPLR 3212 [b]; *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The open-court stipulation of settlement established that the plaintiff was satisfied with the defendants' representation of her, that she had discussed the terms of the settlement with the defendants, that she understood that she would have the right to a trial if she did not wish to enter into the stipulation, that she had not been threatened or forced into entering into the stipulation, that she was entering into the stipulation voluntarily and of her own free will, that she had not taken any medications that would hamper her ability to understand the court proceedings, and that she had no additional questions for the defendants. "The fact that the plaintiff subsequently was unhappy with the settlement obtained by the defendant does not rise to the level of legal malpractice" (*Holschauer v Fisher*, 5 AD3d 553, 554 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (*see GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d at 968). The defendants' reasonable exercise of judgment in pursuing a settlement did not constitute malpractice (*see generally Dimond v Kazmierczuk & McGrath*, 15 AD3d 526, 527 [2005]), and the plaintiff's allegations, in effect, that the defendants did not zealously advocate on her behalf, and that the settlement provided her with less monetary relief than that which she would have received after a trial, were speculative and conclusory (*see Holschauer v Fisher*,

5 AD3d at 554; *Pellegrino v File*, 291 AD2d 60, 63 [2002]). Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.