■ ANN MARIE SCHIFF, Appellant, v SALLAH LAW FIRM, P.C., et al, Respondents (And a Third-Party Action.) [7 NYS3d 587]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered May 14, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Sallah Law Firm, P.C., Donald Sallah, Dean J. Sallah, Patrick M. Kerr, and Francine J. Zecca.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff retained the defendants Donald R. Sallah and

Sallah Law Firm, P.C. (hereinafter the law firm), to represent her in a divorce action commenced by her former husband. The divorce action was settled by a stipulation. The plaintiff thereafter commenced this action against the law firm, Donald R. Sallah, Dean J. Sallah, Patrick M. Kerr, Theresa Hansen, and Francine J. Zecca, alleging that they had committed legal malpractice. In an order dated July 31, 2009, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Hansen. After certain discovery was conducted, the remaining defendants (hereinafter collectively the Sallah defendants) moved for summary judgment dismissing the complaint insofar as asserted against them.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *see Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756 [2014]). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]; *see Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 757; *Steven L. Levitt & Assoc., P.C. v Balkin*, 54 AD3d 403 [2008]).

Here, the Sallah defendants established, prima facie, that the law firm, Donald R. Sallah, Dean J. Sallah, and Patrick M. Kerr did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that settlement of the underlying divorce action was not effectively compelled by any mistakes on their part (*see Boone v Bender*, 74 AD3d 1111, 1113 [2010]; *Luniewski v Zeitlin*, 188 AD2d 642 [1992]). Further, the Sallah defendants established, prima facie, that the defendant Francine J. Zecca could not be held liable for professional malpractice because she was not an attorney.

The plaintiff, in opposition, failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the Supreme Court's determination was not premature. Although the plaintiff opposed summary judgment based, in part, on the defendant's failure to produce certain discovery, that discovery was

requested or ordered after the filing of the defendants' motion for summary judgment, which imposed an automatic stay of discovery (*see* CPLR 3214 [b]). Furthermore, the plaintiff failed to demonstrate that further discovery may have led to relevant evidence, or that facts essential to oppose summary judgment were exclusively within the defendants' knowledge and control (*see South Shore Neurologic Assoc., P.C. v Mobile Health Mgt. Servs., Inc.*, 121 AD3d 881 [2014]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053, 1053-1054 [2012]).

Accordingly, the Supreme Court properly granted that branch of the Sallah defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Balkin, Dickerson and LaSalle, JJ., concur.