# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1143**
**CA 15-00737**
PRESENT: PERADOTTO, J.P., CARNI, WHALEN, AND DEJOSEPH, JJ.

---

CHAMBERLAIN, D'AMANDA, OPPENHEIMER &
GREENFIELD, LLP, PLAINTIFF-APPELLANT-RESPONDENT,

        V            MEMORANDUM AND ORDER

REBECCA P. WILSON, DEFENDANT-RESPONDENT-APPELLANT.

---

BARCLAY DAMON, LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

M W MOODY LLC, NEW YORK CITY (MARK W. MOODY OF COUNSEL), AND GALLAGHER
LAW OFFICES PLLC, PELHAM, FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an amended order of the Supreme Court, Monroe County (John J. Ark, J.), entered August 5, 2014. The amended order denied the motion of defendant for summary judgment dismissing the complaint and for partial summary judgment on her counterclaim, and denied the cross motions of plaintiff for summary judgment on the complaint and for summary judgment dismissing the counterclaim.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting the cross motion for summary judgment dismissing the counterclaim, and dismissing the counterclaim, and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover unpaid legal fees, and defendant interposed a counterclaim for legal malpractice alleging, inter alia, that plaintiff was negligent in representing her in the negotiation and settlement of her underlying matrimonial action. Defendant and her former husband settled the matrimonial action by a written separation agreement filed July 21, 2009, they were divorced by a judgment entered November 30, 2009, and the separation agreement was incorporated into the judgment of divorce. The findings of fact and conclusions of law underlying the judgment of divorce recited that the separation agreement was "fair and reasonable when made and is not unconscionable." The separation agreement deferred resolution of any personal property issues, but afforded defendant and her former husband the opportunity to settle the issues on their own in "good faith." They were unable to resolve the personal property issues on their own and therefore made an application to Supreme Court to determine the issues. In addition to resolving the personal property issues, the court denied defendant's

request for counsel fees, expert fees, and moving and storage costs. We affirmed that order on appeal (*Wilson v Wilson*, 128 AD3d 1326).

Following the completion of discovery, defendant moved for summary judgment dismissing the complaint, as well as for summary judgment on that part of her counterclaim asserting that plaintiff is liable to her for failing to have her former husband pay all of her counsel fees in the underlying matrimonial action. Plaintiff cross-moved for summary judgment dismissing defendant's legal malpractice counterclaim in its entirety. The court, inter alia, denied the motion and the cross motion. We conclude that the court erred in denying plaintiff's cross motion for summary judgment dismissing the counterclaim, and we therefore modify the amended order accordingly.

Defendant contends, inter alia, that but for plaintiff's alleged negligence she would have received a more favorable result had she proceeded to trial. Generally, "to recover damages for legal malpractice, a [client] must prove (1) that the [law firm] failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the [client] would have been successful in the underlying action had the [law firm] exercised due care" (*Iannarone v Gramer*, 256 AD2d 443, 444; *see Blank v Harry Katz, P.C.*, 3 AD3d 512, 513). In a legal malpractice action in which there was no settlement of the underlying action, it is well settled that, "[t]o obtain summary judgment dismissing [the] complaint . . . , a [law firm] must demonstrate that the [client] is unable to prove at least one of the essential elements of its legal malpractice cause of action" (*Boglia v Greenberg*, 63 AD3d 973, 974; *Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926). A settlement of the underlying action does not, per se, preclude a legal malpractice action (*see Schiff v Sallah Law Firm, P.C.*, 128 AD3d 668, 669). Where, as here, however, the underlying action has been settled, the focus becomes whether "settlement of the action was effectively compelled by the mistakes of counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430; *see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083, *lv denied* 6 NY3d 701). Where the law firm meets its burden under this test, the client must then provide proof raising triable issues of fact whether the settlement was compelled by mistakes of counsel, and "[m]ere speculation about a loss resulting from an attorney's [alleged] poor performance is insufficient" (*Antokol & Coffin v Myers*, 30 AD3d 843, 845). Conclusory allegations that merely reflect a subsequent dissatisfaction with the settlement, or that the client would be in a better position but for the settlement, without more, do not make out a claim of legal malpractice (*see Boone v Bender*, 74 AD3d 1111, 1113, *lv denied* 16 NY3d 710).

Here, we conclude that plaintiff met its burden by establishing that it did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the separation agreement was not the product of any mistakes of counsel (*see Schiff*, 128 AD3d at 669; *Boone*, 74 AD3d at 1113; *cf. Steven L. Levitt & Assoc., P.C. v Balkin*, 54 AD3d 403, 406). The separation agreement recited, inter alia, that defendant understood

the terms and conditions of the agreement, freely and voluntarily accepted such terms, and believed it to be fair, adequate, and reasonable.  Plaintiff further established that the separation agreement was in many respects financially favorable to defendant. Thus, we conclude that plaintiff thereby shifted the burden to defendant to raise a triable issue of fact (*see Schiff*, 128 AD3d at 669-670).

We conclude that, on this record, defendant's contentions that after a trial the court would have, inter alia:  required her former husband to pay all of her counsel fees; awarded her a share of the alleged increased value of her former husband's business; and awarded her lifetime maintenance, are speculative and conclusory (*see Sevey v Friedlander*, 83 AD3d 1226, 1227, *lv denied* 17 NY3d 707; *Boone*, 74 AD3d at 1113), and are insufficient to raise a triable issue of fact.

In light of our determination, we do not address the remaining contentions of the parties.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court