■ CITIBANK (SOUTH DAKOTA), N.A., Respondent, v CHIANTI-LUNG ABRAHAM, Appellant. [31 NYS3d 517]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated May 2, 2014, which granted the plaintiff's motion for summary judgment on the complaint in the principal sum of $26,985.85.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.

The plaintiff, Citibank (South Dakota), N.A. (hereinafter Citibank), a credit card issuer, commenced this action to recover an amount allegedly owed by the defendant, a credit card holder, asserting causes of action to recover damages for breach of contract and on an account stated. Citibank moved

for summary judgment on both causes of action. In support of its motion, Citibank submitted an affidavit of an employee who had examined its records of the defendant's account, and it also submitted numerous monthly statements of the account, covering the period between February 7, 2008, and October 7, 2009. The monthly statement for March 2008 indicated that the defendant's account had been opened in February 2008 when the defendant transferred a $19,000 balance due on an account with another card issuer. At that point, the annual interest rate was 12.6%, but a 5.52% rate applied to $11,803.60 of the balance. The next monthly statement indicated that, under "Offer 6," an annual rate of 3.99% was applicable to the entire balance due on the defendant's account, which, at that time, was $18,802. Over the next 12 months, the defendant made no purchases on the account, and he made 12 timely, sufficient payments, mostly in the amount of $300. By doing so, he reduced the outstanding balance by about 15% of the original total, to $16,175.59.

In April 2009, the defendant transferred to the Citibank account an additional $8,000 balance due on a different credit card account. The statement for April 2009 indicates that the "Total New Balance" was $24,174.31. The defendant's minimum payment was increased from $242 for the payment due on April 1, 2009, to $362 for the payment due on May 1, 2009.

The May statement reflected that the defendant had made a timely payment of $400. It also reflected that the annual percentage rate on the older balance was 3.99% pursuant to "Offer 6," and the annual percentage rate on the newly transferred balance was 6.99% pursuant to "Offer 7." By his timely $400 payment, the defendant had reduced his "total new balance" from $24,174.31 to $23,872.75 (finance charges for the month were $98.44). The statement also indicated, however, that, despite the defendant having made uninterrupted timely sufficient payments from the inception of the account, Citibank had reduced his credit limit from $25,000 to $24,180, leaving an "available credit line" of $307. The May 2009 statement indicated that the next payment was due on June 1, 2009; the minimum payment was $358.

The defendant made a payment three weeks before the due date, but only in the amount of $300. Citibank responded to the $58 shortfall by increasing the annual percentage rates from the "Offer 6" rate of 3.99% and the "Offer 7" rate of 6.99% to 29.99%. Consequently, Citibank imposed finance charges of $409.94 on the earlier amount and $218.53 on the recently transferred amount, for a total finance charge that month of

$628.47. Citibank added a late fee of $39. Additionally, because the finance charges caused the defendant's balance to exceed the defendant's newly reduced credit limit, Citibank imposed another $39 for an "over credit limit fee." The defendant's next payment was due on July 2, 2009; the minimum payment was $1,066.69.

The defendant did not make any payment, and Citibank imposed finance charges totaling $605.62, a late fee of $39, and an over credit limit fee of $39. The total new balance was $24,962.84. The defendant's next payment was due on August 3, 2009; the minimum payment was $2,643.93.

The defendant did not make any payment, and Citibank imposed finance charges totaling $622.67, a late fee of $39, and an over credit limit fee of $39. The total new balance was $25,663.51. The defendant's next payment was due on September 1, 2009; the minimum payment was $4,262.27.

The defendant did not make any payment, and Citibank imposed finance charges totaling $683.38, and a late fee of $39. The total new balance was $26,385.89, and payment of that entire amount was due on October 5, 2009.

The defendant did not make any payment, and, in a monthly statement covering the period from September 9, 2009, to October 7, 2009, Citibank imposed finance charges of $635.96, and a late fee of $39. The total new balance was $27,060.85, and payment of the entire amount was due on November 3, 2009.

According to an affidavit of a Citibank employee, a payment of $75 was subsequently received on the account, but the affidavit contains no indication as to when it was received. The affidavit states that the "Account Statement"—composed of the monthly statements—"does not reflect any outstanding disputes on the Account." Citibank did not submit any cardholder agreement in support of its motion.

In opposition to the motion, the defendant submitted an undated letter that, he contends, he sent to Citibank's attorneys in response to a letter dated April 9, 2010, in which Citibank demanded an unpaid balance of $26,985.85. In that undated letter, the defendant asserted that he did not owe that amount to Citibank, but that he was "willing to continue negotiations on a settlement as [he] was doing with GC Services." The defendant also provided certain details as to the negotiations, but did not provide details as to when the negotiations occurred. The Supreme Court granted Citibank's motion, and the defendant appeals.

Citibank failed to establish its prima facie entitlement to

judgment as a matter of law on its cause of action alleging breach of contract. Specifically, Citibank failed to establish the terms of its agreement with the defendant with respect to its right to lower the defendant's credit limit while he was making sufficient, timely payments or to raise his "Offer 6" and "Offer 7" interest rates and his minimum payment. Accordingly, the Supreme Court should have denied that branch of its motion without regard to the papers submitted in opposition to the motion by the defendant (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Citibank likewise failed to establish its prima facie entitlement to judgment as a matter of law on its cause of action for recovery on an account stated. An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due (see *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850, 851 [2011]; *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]). Although an account stated may be based on an express agreement between the parties as to the amount due, an agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account (see *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523 [2012]; *American Express Centurion Bank v Cutler*, 81 AD3d at 762). The "agreement" at the core of an account stated is independent of the underlying obligation between the parties (see *Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573, 573 [2013]). Here, as already noted, Citibank alleged an account stated of $26,985.85. In support of its motion, Citibank submitted proof that it mailed regular monthly statements to the defendant through October 7, 2009.

Citibank failed, however, to establish that the defendant retained this final monthly statement without objecting to the "total new balance" contained on the statement within a reasonable time. In her affidavit, the Citibank employee averred that the "attached Account Statement does not reflect any outstanding disputes on the account." However, the fact that the final statement did not reflect a protest does not prove that the defendant did not dispute the statement, since any protest would necessarily come after the statement was received by the defendant. Moreover, the record does not establish when the defendant sent a partial payment of $75, and, in any event, that payment was so small in relation to the alleged amount due that it does not give rise, prima facie, to an inference of assent to the total amount alleged to be due (see *Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d at 523).

Accordingly, Citibank failed to establish its prima facie entitlement to judgment as a matter of law on its cause of action to recover on an account stated. Therefore, the Supreme Court should have denied this branch of the motion without regard to the admissibility or probative value of the evidence submitted by the defendant in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Matter of Redemption Church of Christ of Apostolic Faith v Williams*, 84 AD2d 648, 649 [1981]; *Stelick v Gangl*, 47 AD2d 789, 789 [1975]).

In light of this determination, we need not address the parties' remaining contentions. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.