Brooklyn Union Gas Co. v Platinum Plus Energy Resources, Inc. (2019 NY Slip Op 00850)





Brooklyn Union Gas Co. v Platinum Plus Energy Resources, Inc.


2019 NY Slip Op 00850


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-06971
2017-10837
 (Index No. 613556/15)

[*1]Brooklyn Union Gas Company, doing business as National Grid NY, respondent, 
v
Platinum Plus Energy Resources, Inc., et al., appellants.


Richman & Levine, P.C., Garden City, NY (Ira W. Seligman of counsel), for appellants.
Solomon and Solomon, P.C., Albany, NY (Norina A. Melita of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 1, 2017, and (2) a judgment of the same court entered August 25, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated insofar as asserted against the defendant Platinum Plus Energy Resources, Inc. The judgment is in favor of the plaintiff and against the defendant Platinum Plus Energy Resources, Inc., in the principal sum of $745,124.60.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal by the defendant Platinum Energy Group, Inc., from the judgment is dismissed, as that defendant is not aggrieved by the judgment (see CPLR 5511); and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated insofar as asserted against the defendant Platinum Plus Energy Resources, Inc., is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Platinum Plus Energy Resources, Inc.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal by the defendant Platinum Plus Energy Resources, Inc. (hereinafter Platinum Plus), [*2]from the judgment (see CPLR 5501[a][1]).
The plaintiff, Brooklyn Union Gas Company, doing business as National Grid NY, commenced this action, inter alia, to recover on an account stated against, among others, Platinum Plus based upon Platinum Plus's alleged retention, without objection, of invoices for various charges. The plaintiff moved, inter alia, for summary judgment on the cause of action to recover on an account stated insofar as asserted against Platinum Plus. In an order dated May 1, 2017, the Supreme Court, among other things, granted that branch of the motion. On August 25, 2017, the court entered a judgment in favor of the plaintiff and against Platinum Plus in the principal sum of $745,124.60. Platinum Plus appeals.
"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056; see Schutz v Morette, 146 NY 137, 142; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851). An account stated may be based on an express agreement between the parties as to the amount due, but, even in the absence of an express agreement, an agreement as to the amount due may be implied where a defendant has retained bills without objecting to them within a reasonable period of time, or makes partial payment on the account (see Citibank [South Dakota], N.A. v Abraham, 138 AD3d at 1056). Here, the plaintiff failed to establish, prima facie, that it is the entity that issued the invoices to Platinum Plus. The invoices state that, rather than the plaintiff, payment should be made either to "KeySpan Corporation/DBA National Grid" or "National Grid." The plaintiff failed to demonstrate that it is the same entity as the entity identified in the invoices. Thus, the plaintiff's evidence failed to establish the plaintiff's entitlement to judgment as a matter of law on its cause of action to recover on an account stated insofar as asserted against Platinum Plus (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Since the plaintiff failed to meet its prima facie burden, it is unnecessary to determine whether the opposition papers were sufficient to raise a triable issue of fact (see id. at 853).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated insofar as asserted against Platinum Plus.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court