Givens v De Moya (2021 NY Slip Op 02136)





Givens v De Moya


2021 NY Slip Op 02136


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-10738
 (Index No. 693/16)

[*1]John D. Givens, appellant, 
v
Desiree Venicia De Moya, etc., respondent, et al., defendant. John D. Givens, Suffern, NY, appellant pro se.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Jamie R. Wozman and Mark K. Anesh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), entered June 29, 2018. The order granted the motion of the defendant Desiree Venicia De Moya for summary judgment dismissing so much of the complaint as alleged legal malpractice in connection with the settlement of a combined equitable distribution and maintenance award and a separate dispute regarding a vehicle and for summary judgment on her counterclaim for an account stated in a certain principal sum.
ORDERED that the order is affirmed, with costs.
The defendant Desiree Venicia De Moya (hereinafter the defendant) represented the plaintiff in a divorce action he had commenced in 2012. The divorce action culminated in settlements which the defendant negotiated on behalf of the plaintiff. Thereafter, the plaintiff commenced this action to recover damages for legal malpractice against the defendant, and another person, alleging, inter alia, that the defendant had negligently represented him in the divorce action. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated October 7, 2016, the Supreme Court granted the defendant's motion except as to the plaintiff's claims regarding so much of the stipulation as settled the combined equitable distribution and maintenance award and the subsequent settlement of a dispute which arose thereafter but before the entry of the judgment of divorce, regarding a vehicle.
Upon answering the remaining claims, the defendant interposed a counterclaim against the plaintiff, alleging an account stated for unpaid fees in a certain principal sum. Following the completion of discovery, the defendant moved for summary judgment dismissing the plaintiff's remaining claims and on her counterclaim. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Glenwayne Dev. Corp. v James J. Corbett, [*2]P.C., 175 AD3d 473, 473-474 [internal quotation marks omitted]; see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505; Betz v Blatt, 160 AD3d 696, 697). "'A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505, quoting Bernstein v Oppenheim & Co., 160 AD2d 428, 430; see Gad v Sherman, 160 AD3d 622, 623). Nevertheless, "'[t]he fact that the plaintiff subsequently was unhappy with the settlement [he or she] obtained . . . does not rise to the level of legal malpractice'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505, quoting Holschauer v Fisher, 5 AD3d 553, 554). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Bakcheva v Law Offs. of Stein & Assoc., 169 AD3d 624, 625; see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960; Betz v Blatt, 160 AD3d 696, 698).
Here, the defendant met her prima facie burden of establishing her entitlement to judgment as a matter of law dismissing the plaintiff's remaining claims. The defendant's submissions demonstrated that, in representing the plaintiff in the divorce action, she exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the stipulations of settlement entered into by the plaintiff in open court in the underlying action were not the product of any mistakes by the defendant (see Holtzman v Griffith, 162 AD3d 874, 876; Schiff v Sallah Law Firm, P.C., 128 AD3d 668, 669). In addition, with respect to the in-court stipulation of settlement of the combined equitable distribution and maintenance award, the transcript of the plaintiff's allocution in the divorce action demonstrated that he understood the stipulation settling the combined equitable distribution and maintenance award and that it would be final, that he had discussed it with the defendant and was satisfied with her representation, that no one had made him promises or coerced him to enter into the settlement, and that he was not under the influence of any substance which would affect his ability to understand the significance of the settlement (see Holtzman v Griffith, 162 AD3d at 876; Schiff v Sallah Law Firm, P.C., 128 AD3d at 669; see also Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson, 136 AD3d 1326, 1328).
In opposition, the plaintiff failed to raise a triable issue of fact (see Holtzman v Griffith, 162 AD3d at 876). The plaintiff submitted no evidence to demonstrate a triable issue of fact as to whether he did not agree to the settlements, whether the settlements were not supported by the financial information or evidence before the divorce court, or whether he agreed to those settlements as a result any alleged mistake on the part of the defendant.
Further, "'[a]n account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due'" (Bashian & Farber, LLP v Syms, 147 AD3d 714, 715, quoting Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056; see Holtzman v Griffith, 162 AD3d at 875). "'Although an account stated may be based on an express agreement between the parties as to the amount due, an agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account'" (Holtzman v Griffith, 162 AD3d at 875, quoting Citibank [South Dakota], N.A. v Abraham, 138 AD3d at 1056).
Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law on her counterclaim to recover legal fees on an account stated in a certain principal sum (see Holtzman v Griffith, 162 AD3d at 875). In opposition, the plaintiff failed to raise a triable issue of fact (see Darby & Darby v VSI Intl., 95 NY2d 308, 315; Langione, Catterson & Lofrumento, LLP v Schael, 148 AD3d 797). The plaintiff did not explain why he retained the invoices without objection within a reasonable time or identify specific charges to which he had an objection. Although the plaintiff contends that the defendant improperly billed him for services rendered after the conclusion of the divorce action, the invoices demonstrate that, to the extent they contained more than carry-forward balances, those charges related to the entry and distribution of the judgment of divorce or were related to telephone calls or meetings with the plaintiff.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the plaintiff's remaining claims and on her counterclaim for an account stated.
The plaintiff's remaining contentions relating to his child support obligation are not properly before this Court since dismissal of his claims relating to child support were directed in the prior order dated October 7, 2016, and the plaintiff did not appeal from that order.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court