Matter of Stone v Weinberg (2022 NY Slip Op 00427)





Matter of Stone v Weinberg


2022 NY Slip Op 00427


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-00231
2021-01847
 (Docket Nos. V-17473-17, V-1002-18)

[*1]In the Matter of Mark L. Stone, appellant,
v
Jamie M. Weinberg, respondent. Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri of counsel), for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the child (no brief filed).



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Suffolk County (David Morris, J.), dated September 29, 2020, and (2) an order of the same court (James F. Quinn, J.) dated December 14, 2020. The order dated September 29, 2020, insofar as appealed from, denied, without a hearing, that branch of the father's motion which was to hold the mother in civil contempt for violating an order of the same court dated July 5, 2019, and granted the mother's cross motion for an award of attorneys' fees in the sum of $2,500. The order dated December 14, 2020, insofar as appealed from, denied, without a hearing, that branch of the father's separate motion which was to hold the mother in civil contempt for violating the provisions of a temporary restraining order sought in an order to show cause signed by the same court on February 21, 2020.
ORDERED that the order dated September 29, 2020, and the order dated December 14, 2020, are affirmed insofar as appealed from, with one bill of costs to the respondent.
The Family Court providently exercised its discretion in denying, without a hearing, that branch of the father's motion which was to hold the mother in civil contempt for allegedly violating an order dated July 5, 2019, requiring that one telephone call be made each day, at 7:30 p.m., by the parent exercising parental access to the other parent, for the purpose of facilitating communication between the other parent and the parties' child. A motion to punish a party for civil contempt is addressed to the sound discretion of the Family Court (see Matter of Hughes v Kameneva, 96 AD3d 845, 846). To prevail on such a motion, the movant must prove, by clear and convincing evidence, that "(1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct" (Matter of Freeborn v Elco, 188 AD3d 677, 680 [internal quotation marks omitted]; see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Fruchthandler v [*2]Fruchthandler, 161 AD3d 1151, 1153 [internal quotation marks omitted]). Here, the father's papers failed to sufficiently establish that the mother defeated, impaired, impeded, or prejudiced his rights with respect to the court-ordered daily telephone calls (see Whitehead v Whitehead, 122 AD3d 921, 922). In addition, the court providently exercised its discretion in granting the mother's cross motion for an award of attorneys' fees in the sum of $2,500 (see Rosenstock v Rosenstock, 149 AD3d 887, 889).
The Family Court also providently exercised its discretion in denying, without a hearing, that branch of the father's motion which was to hold the mother in civil contempt for violating the provisions of a temporary restraining order sought in an order to show cause signed by the same court on February 21, 2020. Contrary to the father's contention, the court did not grant that temporary restraining order (see Matter of Smith v De Paz, 105 AD3d 749, 751). Consequently, there was no basis for a finding of contempt (see Matter of Spicer v Spicer, 162 AD3d 886, 887; Bernard-Cadet v Gobin, 94 AD3d 1030, 1031).
The father's remaining contention is not properly before this Court (see Givens v De Moya, 193 AD3d 691, 694).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court