Musial v Donohue (2025 NY Slip Op 01485)

Musial v Donohue

2025 NY Slip Op 01485

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

129 CA 23-01751

[*1]EUGENE MUSIAL AND LORRAINE MUSIAL, PLAINTIFFS-APPELLANTS,
v
DAVID C. DONOHUE, ESQ., BARRY J. DONOHUE, ESQ., JOHN F. DONOHUE, ESQ., DONOHUE LAW OFFICES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered October 13, 2023. The order, inter alia, granted the motion of defendants David C. Donohue, Esq., Barry J. Donohue, Esq., John F. Donohue, Esq., and Donohue Law Offices for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this breach of contract and legal malpractice action against Texas attorney Russell Button, Esq., and his law firm, the Button Law Firm, PLLC (collectively, Button defendants), and New York attorneys David C. Donohue, Esq., Barry J. Donohue, Esq., and John F. Donohue, Esq., and their law firm, Donohue Law Offices (collectively, Donohue defendants), alleging that defendants failed to provide them with adequate legal representation with respect to claims arising from a motor vehicle accident that occurred in Texas. On a prior appeal, we affirmed an order granting the motion of the Button defendants to dismiss the complaint against them for lack of personal jurisdiction (Musial v Donohue, 225 AD3d 1164, 1164 [4th Dept 2024]). Following discovery, the Donohue defendants moved for summary judgment dismissing the complaint against them on the ground that, inter alia, the settlement of plaintiffs' motor vehicle accident claims was not compelled by any mistake of counsel. Supreme Court granted the motion, and we now affirm.
Generally, to recover damages for legal malpractice, a client must prove: "(1) that the [law firm] failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the [client] would have been successful in the underlying action had the [law firm] exercised due care" (Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP v Wilson, 136 AD3d 1326, 1327 [4th Dept 2016], lv dismissed 28 NY3d 942 [2016] [internal quotation marks omitted]; see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757 [2d Dept 2014]). Settlement of the underlying claim "does not, per se, preclude a legal malpractice action" (Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, 136 AD3d at 1328; see Schiff v Sallah Law Firm, P.C., 128 AD3d 668, 669 [2d Dept 2015]), but requires that the plaintiff further establish that the "settlement . . . was effectively compelled by the mistakes of counsel" (Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, 136 AD3d at 1328 [internal quotation marks omitted]; see Schiller, 116 AD3d at 757). "[M]ere speculation about a loss resulting from an attorney's [alleged] poor performance is insufficient" to establish that a settlement was compelled due to the mistake of counsel, and "[c]onclusory allegations that merely reflect a subsequent dissatisfaction with the settlement, or that the client would be in a better position but for the [*2]settlement, without more, do not make out a claim of legal malpractice" (Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, 136 AD3d at 1328 [internal quotation marks omitted]; see Boone v Bender, 74 AD3d 1111, 1113 [2d Dept 2010], lv denied 16 NY3d 710 [2011]; Antokol & Coffin v Myers, 30 AD3d 843, 845 [3d Dept 2006]). "[T]he fact that the plaintiff[s] subsequently w[ere] unhappy with the settlement . . . does not rise to the level of legal malpractice" (Givens v De Moya, 193 AD3d 691, 692 [2d Dept 2021] [internal quotation marks omitted]).
Here, we conclude that the Donohue defendants met their initial burden on their motion by establishing that they did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the settlement of plaintiffs' underlying motor vehicle accident claims was not effectively compelled by any mistake on their part (see Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, 136 AD3d at 1328; Schiff, 128 AD3d at 669). The Donohue defendants submitted, inter alia, the deposition testimony of each plaintiff, which established that plaintiffs were aware that the settlement would resolve all of their claims, that they had read and understood the terms of the settlement before signing it, and that they chose to settle their claims because they did not want to go to Texas for trial and desired to put the case behind them and move on with their lives.
Plaintiffs, in opposition, failed to raise a triable issue of fact (see Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP, 136 AD3d at 1328-1329; Schiff, 128 AD3d at 669). The affidavit of plaintiffs' expert, in which that expert averred that plaintiffs were "coerced . . . into settling" and that a more favorable settlement "could have [been] produced," does not "contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in
[plaintiffs'] favor" (Bush v Independent Food Equip., Inc., 158 AD3d 1129, 1130 [4th Dept 2018] [internal quotation marks omitted]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court