Matter of Bykhovsky v Garanin (2025 NY Slip Op 03059)

Matter of Bykhovsky v Garanin

2025 NY Slip Op 03059

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-08012
 (Docket No. F-179-21)

[*1]In the Matter of Eirena Bykhovsky, respondent,
v
Vsevolod Sergeevich Garanin, appellant.

Andrew Lavoott Bluestone, Southampton, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Janet L. McFarland, J.), dated July 17, 2024. The order denied the father's objections to an order of the same court (Jacqueline Cabrera, S.M.) dated May 20, 2024, which, without a hearing, denied his motion to hold the mother in civil contempt for violating a prior order of the same court (Marjorie R. Steinberg, S.M.) dated December 17, 2021.
ORDERED that the order dated July 17, 2024, is affirmed, without costs or disbursements.
The mother and the father have two children together. In an order dated December 17, 2021 (hereinafter the support order), the father was directed, inter alia, to pay basic child support in the sum of $1,155 per month and child care expenses in the sum of $1,002.20 per month. The support order required the mother to notify the father of any change in child care (hereinafter the notification provision).
In or around January 2024, the father moved to hold the mother in civil contempt for violating the notification provision of the support order. In an order dated May 20, 2024, the Support Magistrate denied the father's motion without a hearing. The father filed objections to the Support Magistrate's order. In an order dated July 17, 2024, the Family Court denied the father's objections. The father appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Madigan v Berkeley Capital, LLC, 205 AD3d 900, 905). "To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Madigan v Berkeley Capital, LLC, 205 AD3d at 905 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "Since the goal of civil contempt is to vindicate the rights of a private party, the element of prejudice is essential. The movant can show prejudice where the actions of the alleged contemnor were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Madigan v Berkeley Capital, LLC, 205 AD3d at 905 [citation and internal quotation marks [*2]omitted]; see Matter of Stone v Weinberg, 201 AD3d 939, 940).
Here, the Support Magistrate providently exercised her discretion in denying, without a hearing, the father's motion to hold the mother in civil contempt for allegedly violating the notification provision of the support order. The support order required the mother to notify the father of any change in child care. It is undisputed that the nanny caring for the children changed multiple times and that the father was not notified. However, the record reflects that the mother later provided the names of the nannies and receipts indicating that the mother continues to have child care expenses in the same amount. Thus, the father's papers failed to sufficiently establish that the mother defeated, impaired, impeded, or prejudiced his rights with respect to the notification provision (see Matter of Stone v Weinberg, 201 AD3d at 939-940; Matter of Palmitesta v Palmitesta, 166 AD3d 782, 783).
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
The father's remaining contentions are not properly before this Court, as they were not raised in his objections to the Support Magistrate's order (see Matter of Abizadeh v Petrushka, 224 AD3d 896, 897; Matter of Capone v Westbrook, 214 AD3d 975, 977).
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court