Swergold v Weinrib (2021 NY Slip Op 02555)





Swergold v Weinrib


2021 NY Slip Op 02555


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2019-02153 
2019-02154
2019-02155
 (Index No. 1957/15)

[*1]Nathaniel M. Swergold, appellant,
v
Debra Weinrib, etc., respondent.


Nathaniel M. Swergold, Cedarhurst, NY, appellant pro se.
Debra Weinrib, Woodmere, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered March 2, 2017, (2) an order of the same court (Leonard D. Steinman, J.) dated July 11, 2018, and (3) an order of the same court (Leonard D. Steinman, J.) dated December 28, 2018. The order entered March 2, 2017, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover on an account stated and pursuant to CPLR 3211(a) to dismiss the defendant's counterclaim to recover damages for legal malpractice. The order dated July 11, 2018, insofar as appealed from, upon treating the defendant's motion which was denominated as a motion in limine, inter alia, to preclude certain evidence pertaining to legal fees, as a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and granted the motion to the extent of requiring the plaintiff to demonstrate his compliance with his obligations under 22 NYCRR 1400.3. The order dated December 28, 2018, granted the defendant's motion to dismiss the complaint.
ORDERED that the order dated December 28, 2018, is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered March 2, 2017, as denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated is dismissed as academic; and it is further,
ORDERED that the order entered March 2, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the order dated July 11, 2018, is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff attorney represented the defendant in a matrimonial action, in which the Supreme Court directed the defendant's former husband to pay the plaintiff an attorney's fee in the sum of $100,000. Following the former husband's failure to pay, the plaintiff commenced the instant action, inter alia, to recover on an account stated, alleging that the defendant failed to pay the [*2]plaintiff's legal fees in connection with the matrimonial action. In an amended verified answer, the defendant asserted counterclaims, including to recover damages for legal malpractice. The plaintiff moved for summary judgment on the complaint and pursuant to CPLR 3211(a) to dismiss the counterclaims. In an order entered March 2, 2017, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover on an account stated and pursuant to CPLR 3211(a) to dismiss the defendant's legal malpractice counterclaim.
Thereafter, the defendant made a motion denominated as a motion in limine, inter alia, to preclude the plaintiff from presenting evidence pertaining to legal fees based upon a violation of 22 NYCRR 1400.3. In an order dated July 11, 2018, the Supreme Court treated the defendant's motion as a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and granted the motion to the extent of requiring the plaintiff to demonstrate his compliance with 22 NYCRR 1400.3. In an order dated December 28, 2018, the court determined that the plaintiff failed to demonstrate his substantial compliance with 22 NYCRR 1400.3 and granted the defendant's motion to dismiss the complaint.
Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion to dismiss the complaint based upon the plaintiff's failure to demonstrate his substantial compliance with 22 NYCRR 1400.3 (see Montoya v Montoya, 143 AD3d 865; Badawi v Alesawy, 135 AD3d 793, 795; Cornish v Eraca-Cornish, 107 AD3d 1322, 1326; Wagman v Wagman, 8 AD3d 263). In light of that determination, we dismiss, as academic, the appeals from the order dated July 11, 2018, and from so much of the order entered March 2, 2017, as denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated.
The plaintiff's remaining contention is without merit.
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court