Glaubach v Slifkin (2021 NY Slip Op 05322)





Glaubach v Slifkin


2021 NY Slip Op 05322


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-12718
2018-12720
2019-04182
 (Index No. 702987/15)

[*1]Felix Glaubach, etc., respondent-appellant, 
v
David Slifkin, et al., appellants-respondents, et al., defendants.


Morrison Cohen LLP, New York, NY (Y. David Scharf, Howard S. Wolfson, and
Terence K. McLaughlin of counsel), for appellants-respondents.
Tashlik Goldwyn Levy LLP, Great Neck, NY (Jeffrey N. Levy of counsel), for respondent-appellant.



DECISION & ORDER
In a shareholder's derivative action, (1) the defendant David Slifkin appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered July 20, 2018, (2) the defendants David Slifkin and Trudy Balk appeal, and the plaintiff cross-appeals, from an order of the same court entered August 22, 2018, and (3) the defendant David Slifkin appeals from an order of the same court entered February 15, 2019. The order entered July 20, 2018, granted the plaintiff's motion for summary judgment on the first and second causes of action in the amended complaint. The order entered August 22, 2018, insofar as appealed from, denied those branches of the motion of the defendants David Slifkin and Trudy Balk which were for summary judgment dismissing the first through fourth causes of action in the amended complaint. The order entered August 22, 2018, insofar as cross-appealed from, granted that branch of the motion of the defendants David Slifkin and Trudy Balk which was for summary judgment dismissing the tenth cause of action in the amended complaint. The order entered February 15, 2019, denied the motion of the defendants David Slifkin and Trudy Balk for leave to reargue and renew those branches of their prior motion which were for summary judgment dismissing the first through fourth causes of action in the amended complaint and their opposition to the plaintiff's prior motion for summary judgment on the first and second causes of action in the amended complaint.
ORDERED that the appeal from the order entered July 20, 2018, is dismissed as academic; and it is further,
ORDERED that the appeal from the order entered August 22, 2018, is dismissed as academic; and it is further,
ORDERED that the order entered August 22, 2018, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the appeal from so much of the order entered February 15, 2019, as denied that branch of the motion of the defendants David Slifkin and Trudy Balk which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,
ORDERED that the appeal from so much of the order entered February 15, 2019, as denied that branch of the motion of the defendants David Slifkin and Trudy Balk which was for leave to renew those branches of their prior motion which were for summary judgment dismissing the first through fourth causes of action in the amended complaint and their opposition to the plaintiff's prior motion for summary judgment on the first and second causes of action in the amended complaint is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendants David Slifkin and Trudy Balk.
Felix Glaubach (hereinafter the plaintiff) and Robert Marx co-founded Personal Touch Holding Corp. (hereinafter the corporation), a Delaware corporation and provider of home health care services. The plaintiff served as the president and chief executive officer of the corporation until 2011, when the defendant David Slifkin became chief executive officer. After 2011, the plaintiff continued to serve as a special director. The defendant Trudy Balk served as the corporation's vice president of operations.
On March 30, 2015, the plaintiff commenced this shareholder's derivative action on behalf of the corporation against, among others, Slifkin and Balk. The first four causes of action alleged that Slifkin and Balk received "unauthorized" compensation hidden as reimbursement of educational expenses that they did not actually incur. The tenth cause of action alleged that Slifkin and Balk "breached their fiduciary duty to the [corporation] by getting employees to make sexual harassment complaints against" the plaintiff in order to stop him from objecting to a severance package offered to Balk.
In June 2015, Slifkin and Balk moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated December 7, 2015, the Supreme Court, upon considering the motion of Slifkin and Balk as seeking dismissal of the amended complaint insofar as asserted against them, denied that motion. In an order dated July 22, 2016, the court, inter alia, upon reargument, adhered to its determination in the order dated December 7, 2015. Slifkin and Balk appealed from the December 7, 2015 order and the July 22, 2016 order.
While those appeals were pending, the plaintiff moved for summary judgment on the first and second causes of action in the amended complaint. Slifkin and Balk also moved for summary judgment dismissing, inter alia, the first through fourth and tenth causes of action in the amended complaint. In an order entered July 20, 2018, the Supreme Court granted the plaintiff's motion for summary judgment on the first and second causes of action in the amended complaint. In an order entered August 22, 2018, the court denied those branches of the motion of Slifkin and Balk which were for summary judgment dismissing the first through fourth causes of action in the amended complaint and granted that branch of their motion which was for summary judgment dismissing the tenth cause of action in the amended complaint. Slifkin and Balk moved for leave to reargue and renew those branches of their motion which were for summary judgment dismissing the first through fourth causes of action in the amended complaint and their opposition to the plaintiff's motion for summary judgment on the first and second causes of action in the amended complaint. In an order entered February 15, 2019, the court denied the motion for leave to reargue and/or renew.
In a decision and order dated April 17, 2019, this Court, inter alia, dismissed the appeal from the order dated December 7, 2015, as that order was superseded by the order dated July 22, 2016. We reversed the order dated July 22, 2016, insofar as appealed from, and granted those branches of the motion of Slifkin and Balk which were to dismiss the first through fourth causes of action in the amended complaint (see Glaubach v Slifkin, 171 AD3d 1019). In light of our determination on those prior appeals, we now dismiss, as academic, so much of the appeals from the orders entered July 20, 2018, August 22, 2018, and February 15, 2019, as sought appellate review of the parties' motions relating to the first through fourth causes of action in the amended complaint (see Swergold v Weinrib, 193 AD3d 1094; Rothstein v Elohim, 133 AD3d 839, 840).
The Supreme Court properly granted that branch of the motion of Slifkin and Balk which was for summary judgment dismissing the tenth cause of action in the amended complaint. In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary [*2]relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (see Stortini v Pollis, 138 AD3d 977, 978-979; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660). On this branch of their motion, Slifkin and Balk met their prima facie burden of demonstrating that there was no breach of fiduciary duty by them (see generally Alvarez v Prospect Hosp., 68 NY2d 320,324). They demonstrated that the severance package was agreed to by a special committee of the corporation's board of directors. While employees of the corporation made allegations of sexual harassment against the plaintiff following the package's approval, Slifkin and Balk demonstrated that none of those individuals made allegations of sexual harassment in order to stop the plaintiff from objecting to the severance package offered to Balk. In opposition, the plaintiff failed to raise a triable issue of fact.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court