Michael B. Shulman & Assoc., P.C. v Canzona (2022 NY Slip Op 00174)





Michael B. Shulman & Assoc., P.C. v Canzona


2022 NY Slip Op 00174


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2017-10683
 (Index No. 61950/14)

[*1]Michael B. Shulman & Associates, P.C., appellant,
v
Christopher Canzona, respondent.


Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Robert J. Bergson and Andrew Gefell of counsel), for appellant.
Andrew Lavoott Bluestone, New York, NY, for respondent.



DECISION & ORDER
In an action to recover unpaid legal fees, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated August 24, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the second cause of action and dismissing the defendant's counterclaims and fourth and fifth affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the second cause of action, and substituting therefor a provision denying that branch of the motion insofar as it relates to the invoices dated August 2, 2013, and March 10, 2014, and granting that branch of the motion with respect to the remaining invoices; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On March 24, 2014, the plaintiff commenced this action to recover approximately $116,600 of unpaid legal fees allegedly earned for work performed on behalf of the defendant. The plaintiff moved for summary judgment on the second cause of action, which was to recover fees on an account stated, and dismissing the defendant's affirmative defenses and counterclaims. The Supreme Court, in effect, granted those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, third, sixth, seventh, eighth, ninth, and tenth affirmative defenses, and otherwise denied the motion. The plaintiff appeals.
"'An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due'" (Bank of Am., N.A. v Ball, 188 AD3d 974, 974, quoting Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056). "Although an account stated may be based on an express agreement between the parties as to the amount due, an agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (Citibank [South Dakota], N.A. v Abraham, 138 AD3d at 1056).
Here, the plaintiff established, prima facie, that, with the exception of the final invoice, dated March 10, 2014, the defendant received the invoices and made partial payments (see Stardom Brands, LLC v S.K.I. Wholesale Beer Corp., 172 AD3d 1266, 1268; Lavalle v Coholan [*2]Family, LLC, 167 AD3d 1444, 1444). As to the March 10, 2014 invoice, however, the record establishes that defendant promptly objected in writing and withheld payment.
In opposition, the defendant asserted that he made certain payments based only on the plaintiff's threats that work on the case would cease if he did not, corroborated by copies of written messages sent to the defendant by the plaintiff in September 2013. In addition, the defendant testified regarding specific oral objections he made to the invoice dated August 2, 2013, during a phone call with the plaintiff. This evidence was sufficient to raise a triable issue of fact as to whether the defendant's September 2013 payments constituted an agreement to pay the balance stated in the August 2, 2013 invoice (see Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018; Boies, Schiller & Flexner LLP v Modell, 129 AD3d 533, 534; Elmo Mfg. Corp. v American Innovations, Inc., 44 AD3d 703, 704; 1000 N. of N.Y. Co. v Great Neck Med. Assoc., 7 AD3d 592, 593). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as it related to the invoice dated March 10, 2014, on the ground that the plaintiff failed to meet its prima facie burden, and insofar as it related to the invoice dated August 2, 2013, on the ground that the defendant raised a triable issue of fact. However, the court have should awarded the plaintiff summary judgment on the second cause of action insofar as it related to the remaining invoices (see Fross, Zelnick, Lehrman & Zissu, P.C. v Geer, 120 AD3d 1157).
The Supreme Court correctly determined that the plaintiff failed to meet its prima facie burden with respect to those branches of its motion which were for summary judgment dismissing the defendant's fourth and fifth affirmative defenses (see Swergold v Weinrib, 193 AD3d 1094, 1096; Keane v Keane, 193 AD3d 838, 840). It likewise correctly determined that the defendant successfully raised triable issues of fact with respect to his counterclaims seeking to recover damages for legal malpractice (see Fricano v Law Offs. of Tisha Adams, LLC, 194 AD3d 1016).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court