Kopelevich & Feldsherova, P.C. v Art of Healing Medicine, P.C. (2026 NY Slip Op 01043)

Kopelevich & Feldsherova, P.C. v Art of Healing Medicine, P.C.

2026 NY Slip Op 01043

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05175
 (Index No. 509349/20)

[*1]Kopelevich & Feldsherova, P.C., appellant, 
vArt of Healing Medicine, P.C., et al., respondents.

Kopelevich & Feldsherova, P.C., Brooklyn, NY (Mikhail Kopelevich of counsel), appellant pro se.
The Leyvi Law Group, P.C., Brooklyn, NY (Maksim Leyvi of counsel), for respondents.

DECISION & ORDER
In an action to recover unpaid legal fees, the plaintiff appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated March 28, 2024. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover unpaid legal fees allegedly earned for work performed on behalf of the defendants. The plaintiff moved for summary judgment on the complaint, which sought, inter alia, to recover fees on an account stated. The defendants opposed the motion. The Supreme Court denied the plaintiff's motion in an order dated March 28, 2024. The plaintiff appeals.
"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (Michael B. Shulman & Assoc., P.C. v Canzona, 201 AD3d 716, 717 [internal quotation marks omitted]). "Although an account stated may be based on an express agreement between the parties as to the amount due, an agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1056). "Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible" (Legum v Ruthen, 211 AD2d 701, 703).
Here, the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law based upon an account stated by demonstrating that its invoices had been received by the defendant Alexander Pinkusovich and by submitting evidence that the defendants did not object to the invoices. However, the defendants' submissions in opposition, including the affidavit of Alexander Pinkusovich, alleging that the plaintiff had been removed as the defendants' counsel for "wrongful action" and that the only invoices sent to the defendants were dated one day prior to the plaintiff's removal as counsel, as well as evidence that the defendants [*2]stopped payment on a check that was drafted to the plaintiff and that the defendants paid a partial amount of one invoice "in settlement," raised a triable issue of fact as to whether the defendants objected to the plaintiff's invoices in a reasonable period of time. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court